IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA ANDRE-GOLLIHAR,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN JOAQUIN; SAN JOAQUIN COUNTY SHERIFFS DEPARTMENT; STATE OF CALIFORNIA; CALIFORNIA STATE DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Defendants.<br>_____/ | No. 2:09-cv-03313 MCE KJN PS<br><br>ORDER & FINDINGS AND RECOMMENDATIONS |

        Plaintiff, who is proceeding without counsel, filed her complaint on November 30, 2009.[1] (Dkt. No. 1.) Presently before the court is plaintiff's application to proceed without prepayment of fees, or in forma pauperis. (Dkt. No. 2.) Also pending are plaintiff's motions to appoint counsel filed November 30, 2009 (Dkt. No. 3) and February 2, 2010 (Dkt. No. 4), and plaintiff's letter request to add plaintiffs to this action (Dkt. Nos. 3, 4). For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, denies

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010 (Dkt. No. 5).

plaintiff's requests for appointment of counsel without prejudice, denies plaintiff's letter request to add plaintiffs to this action, and orders that plaintiff's complaint be served on defendants County of San Joaquin and San Joaquin County Sheriff's Department.  The undersigned also recommends that plaintiff's claims be dismissed with prejudice as to two defendants: the State of California and the California Department of Corrections and Rehabilitation.

I.  Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (Dkt. No. 2 (Application to Proceed Without Prepayment of Fees and Affidavit).)  Her application and declaration make the showing required by 28 U.S.C. § 1915(a)(1).  (See id.)  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  The court is also required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See also Lopez, 203 F.3d at 1126-27 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Plaintiff's complaint alleges that defendants are liable for the death of her son, Casey Gollihar, who, on January 21, 2008, was allegedly shot and killed by an employee of the San Joaquin County Sheriff's Office acting "under color of law and pursuant to his employment

////

////

and authority as a police officer."[2] (Compl. at 1-2.) In short, the complaint appears to allege claims for excessive force under 42 U.S.C. § 1983 and wrongful death under state law. (Id.) Plaintiff further alleges that defendant California Department of Corrections and Rehabilitation ("CDCR") "wrongfully and without justification" issued a warrant for Casey Gollihar's arrest and notified law enforcement agencies that Casey Gollihar was a fugitive, who was "armed and dangerous," and that this warrant and notice "were a legal cause" of Casey Gollihar's death. (Id. at 2.) Plaintiff alleges that "Robert Semillo" of the San Joaquin County Sheriff's Office is responsible for Casey Gollihar's death. (Id.) She also alleges that "Ms. Breceno and Mr. Carter" of CDCR are also responsible. (Id.) Plaintiff has not named Mr. Semillo, Ms. Breceno, or Mr. Carter as defendants in either their official or individual capacities.[3] Plaintiff seeks monetary damages and has not alleged that she seeks injunctive relief against any of the named defendants.[4]

        The undersigned cannot conclude on the present record that plaintiff fails to state a claim on which relief can be granted with respect to her claims of excessive force, which the undersigned construes for the purposes of this screening order as being brought pursuant to 42 U.S.C. § 1983, and wrongful death, which the undersigned construes for the purpose of this order as being brought under California state law. The undersigned reserves decision on these claims until the record is sufficiently developed. Accordingly, the undersigned will order service of the complaint on two defendants: the County of San Joaquin and the San Joaquin County Sheriff's Department. However, the undersigned will not order service on the State of California and

---

[2] This summary of the relevant facts is not an exhaustive recitation of the allegations in the complaint.

[3] The undersigned notes that although the complaint contains specific allegations against Mr. Semillo, Ms. Breceno, and Mr. Carter, plaintiff has not named these individuals as defendants in her complaint and has not sued them.

[4] Although the complaint seeks damages "unlimited in dollar amount," (Compl. at 2), the Civil Cover Sheet filed with the complaint includes a demand of $2,000,000. (Dkt. No. 1-2.)

1  CDCR because they are, as discussed below, immune from suit and should be dismissed from the
2  action.
3       A.      The State of California is Immune from Suit.
4           Plaintiff seeks monetary damages from the State of California as a defendant on
5  her excessive force and wrongful death claims. Because the State is immune from suit, the
6  undersigned will recommend that plaintiff's claim for monetary damages against the State of
7  California be dismissed with prejudice.
8           The Eleventh Amendment provides that "[t]he Judicial power of the United States
9  shall not be construed to extend to any suit in law or equity, commenced or prosecuted against
10 one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign
11 State." U.S. Const., amend. XI. "[A]bsent waiver by the State or valid congressional override,
12 the Eleventh Amendment bars a damages action against a State in federal court." Kentucky v.
13 Graham, 473 U.S. 159, 169 (1985); accord Pittman v. Ore., Employment Dep't, 509 F.3d 1065,
14 1071 (9th Cir. 2009) (stating that "'an unconsenting State is immune from suits brought in
15 federal courts by her own citizens as well as by citizens of another State'") (quoting Edelman v.
16 Jordan, 415 U.S. 651, 662-63(1974)); Henry v. County of Shasta, 132 F.3d 512, 517 (9th Cir.
17 1997) ("The Eleventh Amendment immunizes states from private damage actions brought in
18 federal court."); see also Cal. Franchise Tax Bd. v. Jackson (In re Jackson), 184 F.3d 1046, 1048
19 (9th Cir. 1999) ("Eleventh Amendment sovereign immunity limits the jurisdiction of the federal
20 courts . . . .").
21          The Ninth Circuit Court of Appeals has recognized that "[t]he State of California
22 has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983
23 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a
24 State's Eleventh Amendment immunity." Dittman v. California, 191 F.3d 1020, 1025-26 (9th
25 Cir. 1999) (citations and quotation marks omitted). As a result, plaintiff's claim of excessive
26 force against the State of California is barred by the State's immunity from suit.

4

As with plaintiff's Section 1983 claim, her wrongful death claim against the State of California, which the undersigned construes as a tort claim brought pursuant to California state law, is barred by the State's immunity from suit.[5] Although the State of California has waived its sovereign immunity through the California Tort Claims Act with respect to tort actions brought in state court, see Cal. Gov't Code § 945, that waiver does not effectuate a waiver of its Eleventh Amendment immunity from tort suits in federal court. BV Eng'g v. Univ. of Cal., L.A., 858 F.2d 1394, 1396 (9th Cir. 1988) (holding that the waiver of sovereign immunity in the California Tort Claims Act does not constitute a waiver of Eleventh Amendment immunity in federal court), cert. denied, 489 U.S. 1090 (1989); see also Guzman v. Van Demark, 651 F. Supp. 1180, 1183-84 (C.D. Cal. 1987) ("It has long been recognized that a state may waive its state sovereign immunity without relinquishing its eleventh amendment immunity."); accord Kirchmann v. Lake Elsinore Unified Sch. Dist., 83 Cal. App. 4th 1098, 1103, 100 Cal. Rptr. 2d 289, 293 (Ct. App. 2000) ("Tort actions may be brought against the state or its agencies in state court under the California Tort Claims Act (Gov. Code, § 810 et seq.) but may not be brought in federal court, because the consent to suit contained in the act (Gov. Code, § 945) is not a waiver of Eleventh Amendment immunity.").

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), the court must dismiss a case that "seeks monetary relief against a defendant who is immune from such relief." Because the State of California is immune from suit, the undesigned recommends that the claims against the State of California be dismissed with prejudice and that the State of California be dismissed from this action.

////

---

[5] To the extent that subject matter jurisdiction over plaintiff's state law wrongful death claim is premised on the federal supplemental jurisdiction statute, 28 U.S.C. § 1367, the Ninth Circuit Court of Appeals has held that "28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims." Stanley v. Trustees of Cal. State Univ., 433 F.3d 1129, 1133-34 (9th Cii. 2006).

1      B. <u>CDCR is Immune from Suit.</u>

2      Plaintiff's Section 1983 claim of excessive force against CDCR, an agency of the State of California, is also barred by Eleventh Amendment immunity. "In the absence of a waiver by the state or a valid congressional override, '[u]nder the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.'" <u>Dittman</u>, 191 F.3d at 1026 (quoting <u>Mitchell v. L.A. Cmty. College Dist.</u>, 861 F.2d 198, 201 (9th Cir. 1989)); <u>see</u> also <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); <u>accord</u> <u>Aholelei v. Dep't of Pub. Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."). As stated above, the State of California has not waived its sovereign immunity as to claims brought under 42 U.S.C. § 1983 in federal court. <u>Dittman</u>, 191 F.3d at 1025-26. Accordingly, CDCR is entitled to immunity from suit as to plaintiff's Section 1983 claim for excessive force. <u>See</u>, e.g., <u>Brown v. Cal. Dep't of Corrections</u>, 554 F.3d 747, 752 (9th Cir. 2009) (holding that California Department of Corrections was entitled to Eleventh Amendment immunity from Section 1983 claim).

     The result is the same with respect to plaintiff's state law wrongful death tort claim. <u>See</u> <u>BV Eng'g</u>, 858 F.2d at 1396; <u>Kirchmann</u>, 83 Cal. App. 4th at 1103, 100 Cal. Rptr. 2d at 293.

     Similar to the State of California, CDCR is immune from suit insofar as plaintiff's claims alleged in the complaint are concerned. Accordingly, the undersigned recommends that the claims against CDCR be dismissed with prejudice and that CDCR be dismissed from this action.

II.     <u>Request to Add Casey Gollihar's Children as Plaintiffs to the Action</u>

     In a letter filed with the court on November 30, 2009, plaintiff requested that

Casey Gollihar's two sons, Anthony Joseph Gollihar and Casey Joseph Gollihar, be added as plaintiffs to the action. (Dkt. No. 3.) In addition, plaintiff's letter to the court, filed February 2, 2010, suggests that plaintiff may wish to add Casey Gollihar's daughter, Catherine Belle Gollihar, as a plaintiff in the action. (See Dkt. No. 4.) Plaintiff appears to be the grandmother of Anthony Joseph Gollihar, Casey Joseph Gollihar, and Catherine Belle Gollihar. It is unclear from the present record whether the children of Casey Gollihar are minors.

The court will not add these individuals to the complaint pursuant to a letter request. To the extent that plaintiff wishes to add these individuals to the action as plaintiffs, she must file an amended complaint that names these individuals as plaintiffs. See Fed. R. Civ. P. 15. To the extent that plaintiff is seeking leave to amend her complaint, she should be aware that she is entitled to amend her complaint once as a matter of course as described in Federal Rule of Civil Procedure 15(a)(1).

However, plaintiff should be aware that to the extent that Anthony Joseph Gollihar, Casey Joseph Gollihar, and Catherine Belle Gollihar are minor children, plaintiff cannot pursue this lawsuit on their behalf without retaining a licensed attorney to represent them.[6] The Ninth Circuit Court of Appeals has plainly held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); accord Lin v. Ashcroft, 377 F.3d 1014, 1025 (9th Cir. 2004). The rationale for this rule is a protective one, and the Court of Appeals has stated that where minors "have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." Johns, 114 F.3d at 877 (citation and internal quotation marks omitted). Accordingly, if Anthony Joseph Gollihar, Casey Joseph Gollihar, and Catherine Belle Gollihar attempt to appear in this action without an attorney, or if plaintiff adds these children to the action and attempts to represent them as a guardian ad litem without legal

---

[6] Similarly, if the individuals are not minor children, they cannot be added as plaintiffs without their consent.

7

counsel, the court will have no choice but to dismiss the children from the action until such time that they can obtain legal representation.

III.     Motions to Appoint Counsel

Plaintiff has also submitted two letter requests seeking the appointment of pro bono counsel in this case. (Dkt. Nos. 3, 4.) The undersigned construes these letter requests as motions to appoint counsel and will deny both requests. However, such denials will be without prejudice such that plaintiff will be permitted to file a motion to appoint counsel in the future if she is able to make the required showing, which is described below.

There is no constitutional right to appointed counsel in a civil action. Lassiter v. Dept. of Social Servs., 452 U.S. 18 (1981). Pursuant to 28 U.S.C. § 1915(e)(1), however, a court "may request an attorney to represent any person unable to afford counsel, but will do so only on a showing of "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), cert. denied, 130 S. Ct. 1282 (2010); accord Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer, 560 F.3d at 970 (citing Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive and instead must be viewed together." Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986)).

At this point in the proceedings, the undersigned is unable to make a determination that plaintiff is likely to succeed on the merits of her claims. Moreover, on the record before the court, plaintiff's claims for excessive force and wrongful death are not complex and plaintiff has thus far been able to articulate her claims pro se. Accordingly, the undersigned will deny plaintiff's requests for the appointment of counsel. However, such denials are without prejudice, and may file a motion for the appointment of counsel in the future if she believes in good faith that she can make the required showing of "exceptional circumstances."

8

IV.     CONCLUSION

        For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Service of plaintiff's complaint is appropriate for the following two defendants: the County of San Joaquin and the San Joaquin County Sheriff's Department.

3. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

4. The Clerk of Court shall send plaintiff two USM-285 forms, one summons, an endorsed copy of the complaint filed November 30, 2009 (Dkt. No. 1), this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

5. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant to be served;

    c. A copy of the complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

    d. A copy of this court's scheduling order and related documents for each defendant to be served; and

6. Plaintiff shall supply the United States Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effectuate service of process, and *shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal*.

7. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. *The United States Marshal shall, within 10 days thereafter, file a statement with the court that such documents have been served.* If the U.S.

9

Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

8.  The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

9.  Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed.

10.  Plaintiff's request to add Anthony Joseph Gollihar, Casey Joseph Gollihar, and Catherine Belle Gollihar as plaintiffs in this action (see Dkt. Nos. 3, 4) is denied, and plaintiff is admonished that these individuals may not appear in this action without an attorney if they are minors.

11.  Plaintiff's requests for the appointment of counsel (Dkt. Nos. 3, 4) are denied without prejudice to refiling a motion for appointment of counsel in the future.

It is FURTHER RECOMMENDED that plaintiff's claims be dismissed with prejudice as to defendants the State of California and the California Department of Corrections and Rehabilitation and, accordingly, that the State of California and the California Department of Corrections and Rehabilitation be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

////

////

1  **IT IS SO ORDERED AND RECOMMENDED.**

2  DATED: April 6, 2010

6  _____
   KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE