IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA ANDRE-GOLLIHAR, | |
| Plaintiff, | No. 2:09-cv-03313 MCE KJN PS |
| v. | |
| COUNTY OF SAN JOAQUIN; SAN JOAQUIN COUNTY SHERIFFS DEPARTMENT, | |
| Defendants. | ORDER |
| _____/ | |

On April 6, 2010, the undersigned granted plaintiff's application to proceed in forma pauperis and ordered the service of plaintiff's complaint on two defendants. (Dkt. No. 6.) That order directed the Clerk of Court to send certain materials to plaintiff in relation to service of the complaint, and the Clerk of Court did so on April 7, 2010. (Dkt. No. 7.) The court's order also provided that: "Plaintiff shall supply the United States Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effectuate service of process, and *shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal*." (Dkt. No. 6 at 9 (emphasis in original).) It further provided that "[p]laintiff's failure to comply with this order may result in a recommendation that this action be dismissed." (Id. at 10.)

1

Plaintiff failed to timely notify the court that she had submitted the required service documents to the United States Marshal.  As a result, the court ordered plaintiff to show "good cause why her lawsuit should not be dismissed for failure to prosecute and failure to comply with the court's order."  (Dkt. No. 10 at 2.)

Plaintiff filed a timely response to the court's order to show cause ("OSC").  (Dkt. No. 12.)  Her response explains that she submitted the required service documents to the United States Marshal on May 19, 2010, and that she has been seriously ill.  Plaintiff has shown good cause to discharge the OSC, and the undersigned will discharge the OSC accordingly.  Plaintiff is advised, however, that, going forward, she should read the court's orders carefully to ensure compliance therewith and is reminded that failure to adhere to the court's orders is grounds for dismissal of her lawsuit.[1]

In her response to the OSC, plaintiff renews her request for the appointment of an attorney to represent her and her minor granddaughter.  (Dkt. No. 12 at 2.)  She explains that her serious health problems make it difficult for her to represent herself in this matter and, accordingly, there exist exceptional circumstances sufficient to warrant such an appointment. (See Dkt. No. 12 at 2.)

As the undersigned previously stated in the screening order, there is no constitutional right to appointed counsel in a civil action.  Lassiter v. Dept. of Social Servs., 452 U.S. 18 (1981).  Pursuant to 28 U.S.C. § 1915(e)(1), however, a court "may request an attorney to represent any person unable to afford counsel, but will do so only on a showing of "exceptional circumstances."  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), cert. denied,

---

[1] See Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

1  130 S. Ct. 1282 (2010); accord Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).  "When
2  determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of
3  success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light
4  of the complexity of the legal issues involved.'" Palmer, 560 F.3d at 970 (citing Weygandt v.
5  Look, 718 F.2d 952, 954 (9th Cir. 1983)).  "Neither of these considerations is dispositive and
6  instead must be viewed together." Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th
7  Cir.1986)).

8          The undersigned previously determined that it would not appoint counsel because:
9  (1) at this point in the proceedings, the court is unable to make a determination that plaintiff is
10 likely to succeed on the merits of her claims; (2) based on the present record, plaintiff's claims of
11 excessive force and wrongful death are not complex; and (3) plaintiff has thus far been able to
12 articulate her claims pro se.  (Dkt. No. 6 at 8.)  The undersigned finds that plaintiff's illness,
13 however unfortunate, is not sufficient grounds, at this point, to warrant a departure from the
14 earlier decision denying the appointment of counsel.

15         Finally, plaintiff indicates that she would like to conduct discovery.  (Dkt. No. 12
16 at 2.)  Such a request is wrongly directed to the court and, in any event, is premature.  Plaintiff's
17 complaint has not yet been served on defendants, and the parties have not yet conducted a
18 discovery conference pursuant to Federal Rule of Civil Procedure 26(f).  As a general and
19 practical matter, both of these events must occur before any party may conduct discovery.  See
20 Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have
21 conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure
22 under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

23         For the foregoing reasons, IT IS HEREBY ORDERED that:
24         1.    The order to show cause entered by the court on July 9, 2010, is
25 discharged.
26         2.    Plaintiff's renewed request for the appointment of counsel is denied

1 without prejudice.

2       3. Plaintiff's request to conduct discovery is denied because it is incorrectly directed at the court and is premature.

4       IT IS SO ORDERED.

5 DATED: July 26, 2010

                              /s/ Kendall J. Newman
                              KENDALL J. NEWMAN
                              UNITED STATES MAGISTRATE JUDGE