IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDRA ANDRE-GOLLIHAR,

     Plaintiff,                        No. 2:09-cv-03313 MCE KJN PS

     v.

COUNTY OF SAN JOAQUIN, et al.,

     Defendants.                 ORDER

_____/

        Presently pending before the court is a motion to dismiss and/or motion for more definite statement filed by defendant San Joaquin County Sheriff's Office (the "Sheriff's Office"). This order addresses the impact of plaintiff's recent filing of a First Amended Complaint.

        On August 6, 2010, the Sheriff's Office filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b) and noticed the motion for a hearing to take place on September 30, 2010. (Dkt. No. 14.) Plaintiff, who is proceeding without counsel and in forma pauperis, was required to file and serve a written opposition or statement of non-opposition to the Sheriff's Office's motion to dismiss on or before September 16, 2010. See E. Dist. Local Rule 230(c). Plaintiff failed to file a timely written opposition or statement of non-opposition. The court entered an order requiring plaintiff to show cause in writing (the

"OSC"), no later than September 30, 2010, why sanctions, including dismissal of her lawsuit, should not be imposed for plaintiff's failure to prosecute this action and failure to file an opposition or statement of non-opposition to the pending motion. (Dkt. No. 16.)

On September 28, 2010, plaintiff filed a First Amended Complaint, which stated that it also constituted plaintiff's response to the OSC. (Dkt. No. 18.) The First Amended Complaint indicates that plaintiff intended to file an amended pleading on or around September 1, 2010, but that plaintiff was hospitalized and thus prevented from filing the amended pleading until the end of September.[1] Plaintiff also filed a letter from her treating physician, which explains that plaintiff was hospitalized on August 29, 2010, and was ultimately discharged on September 9, 2010. (Dkt. No. 19.) The undersigned finds that plaintiff's hospitalization provides sufficient cause to vacate the OSC.

The resulting question is whether plaintiff should be permitted to amend her complaint. Federal Rule of Civil Procedure 15(a) provides, in relevant part:

> **(a) Amendments Before Trial.**
>
> > *(1) Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> >
> > > **(A)** 21 days after serving it, or
> > >
> > > **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> >
> > *(2) Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Here, plaintiff filed her First Amended Complaint on September 28, 2010, which

---

[1] Plaintiff indicated in a prior filing that she has serious health problems that have resulted in repeated hospitalizations. (See Dkt. No. 12.)

2

was more than 21 days after the Sheriff's Office filed its motion to dismiss. The court's docket also indicates that plaintiff neither obtained the other parties' written consent to file the First Amended Complaint nor sought leave from the court to file that amended pleading. Ordinarily, the untimely filing of plaintiff's First Amended Complaint would result in that pleading having no legal effect. See, e.g., Gengler v. United States ex rel. Dep't of Def. & Navy, 463 F. Supp. 2d 1085, 1093 (E.D. Cal. 2006) (citing United States ex rel Mathews v. HealthSouth Corp., 332 F.3d 293, 295 (5th Cir. 2003)); Ritzer v. Gerovicap Pharm. Corp., 162 F.R.D. 642, 644 (D. Nev. 1995); Straub v. Desa Indus., Inc., 88 F.R.D. 6, 8 (M.D. Pa. 1980); 6 Charles Alan Wright, et al., Federal Practice & Procedure § 1484 (3d. ed. 2010 update).

   Nevertheless, the undersigned finds that good cause supports construing plaintiff's First Amended Complaint as a request for leave to amend her complaint, and also supports deeming the First Amended Complaint as timely filed. It appears that plaintiff's serious illness might have played a role in her failure to file the First Amended Complaint within 21 days of the filing of the Sheriff's Office's motion to dismiss. Moreover, district courts have recognized that a court may consider an untimely amended pleading served without judicial permission as properly introduced when the court would have granted leave to amend had it been sought. See, e.g., Ritzer, 162 F.R.D. at 644; Straub, 88 F.R.D. at 9. Accepting plaintiff's First Amended Complaint as timely filed is consistent with the Ninth Circuit Court of Appeals's guidance that the policy favoring amendments to pleadings should be applied with "extreme liberality."[2] See, e.g., Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991). Accordingly, the court will

---

[2] In considering whether to grant leave to amend, courts commonly consider the following factors: "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Although the grant of leave to amend might cause the Sheriff's Office to suffer some prejudice in the form of delay of resolution of its motion to dismiss, the undersigned finds, at least at this point in the proceedings, that consideration of these factors does not favor denying leave to amend.

accept plaintiff's First Amended Complaint as timely filed. As a result, the court will vacate the hearing on the Sheriff's Office's motion to dismiss; the Sheriff's Office may file a newly noticed motion to dismiss the First Amended Complaint if it so desires.

The remaining task for the court is the screening of plaintiff's First Amended Complaint. Because plaintiff is proceeding in forma pauperis, the court is required to again screen plaintiff's pleading. See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Despite the fact that the court previously determined that plaintiff could not pursue claims against the California Department of Corrections and Rehabilitation ("CDCR"), plaintiff named the CDCR as a defendant in the First Amended Complaint. (Dkt. Nos. 6, 9.) Accordingly, the court will not direct service of the First Amended Complaint on the CDCR.

In addition, plaintiff has named the following three minors as plaintiffs in the First Amended Complaint: Catherine Belle Gollihar, Anthony Joseph Gollihar, and Casey Joseph Gollihar. The court previously warned plaintiff that she could not represent these minors in this action, and that the minors could not be named as plaintiffs, if they were not represented by an attorney. (Dkt. Nos. 6, 9.) Plaintiff acknowledges as much in the First Amended Complaint and states that she has not been able to secure counsel for the minors. Accordingly, references to the minors in the First Amended Complaint will be stricken.

Insofar as the remainder of the First Amended Complaint is concerned, the undersigned cannot conclude on the present record that plaintiff's action is frivolous, that her First Amended Complaint fails to state claims on which relief can be granted, or that she seeks

monetary relief from an immune defendant. The undersigned reserves decision as to plaintiff's claims until the record is sufficiently developed, and this order does not preclude defendants from challenging plaintiff's First Amended Complaint through a timely motion filed pursuant to Federal Rule of Civil Procedure 12, or other appropriate method of challenging plaintiff's pleading. Accordingly, the undersigned will order service of the First Amended Complaint on the following defendants, who are either newly named defendants or have not yet appeared in this action: County of San Joaquin, "Mrs. Brascino," "Mr. Carter," and Robert Semillo. The undersigned notes that although plaintiff's First Amended Complaint includes significant detail about "Mrs. Brascino" and "Mr. Carter" and these defendants' involvement in this matter, the First Amended Complaint does not reference the complete names of "Mrs. Brascino" and "Mr. Carter." Plaintiff will be required to provide these defendants' complete names to the United States Marshal in order to complete service on these individuals.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The OSC entered September 20, 2010 (Dkt. No. 16), is discharged.

2. Plaintiff's First Amended Complaint (Dkt. No. 18) is deemed to be timely filed and will serve as the operative pleading in this matter.

3. The hearing on defendant San Joaquin County Sheriff's Office's motion to dismiss (Dkt. No. 14), presently set for October 21, 2010, is vacated in light of the filing of the First Amended Complaint.[3]

4. Service of the First Amended Complaint is proper on the following defendants that have not yet appeared in this action: County of San Joaquin, "Mrs. Brascino,"

---

[3] The Sheriff's Office may file a motion to dismiss the First Amended Complaint. To the extent that counsel for the Sheriff's Office also represents any other defendants in this action, that counsel may appear and/or move to dismiss the First Amended Complaint without waiting for service through the United States Marshal.

"Mr. Carter," and Robert Semillo.[4]

5. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

6. The Clerk of Court shall send plaintiff four USM-285 forms, one summons, an endorsed copy of the First Amended Complaint (Dkt. No. 18), this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

7. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant to be served;

    c. A copy of the First Amended Complaint for each defendant to be served, with an extra copy for the United States Marshal; and

    d. A copy of this court's scheduling order and related documents for each defendant to be served; and

8. Plaintiff shall supply the United States Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effectuate service of process, and *shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal*.

9. The United States Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. *The United States Marshal shall, within 10 days thereafter, file a statement with the court that such documents have been served.* If the United States Marshal is unable, for any reason, to effect service of process on any defendant, the

---

[4] Because the San Joaquin County Sheriff's Office has already appeared in this action, the undersigned will not direct the United States Marshal to serve that defendant.

1  Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

2          10.     The Clerk of Court shall serve a copy of this order on the United States

3  Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

4          11.     Plaintiff's failure to comply with this order may result in a

5  recommendation that this action be dismissed.

6          12.     All references to Catherine Belle Gollihar, Anthony Joseph Gollihar, and

7  Casey Joseph Gollihar as plaintiffs in this action are stricken.

8          IT IS SO ORDERED.

9  DATED:  October 1, 2010

            _____
            KENDALL J. NEWMAN
            UNITED STATES MAGISTRATE JUDGE