IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDRA ANDRE-GOLLIHAR,

     Plaintiff,                   No. 2:09-cv-03313 MCE KJN PS

     v.

COUNTY OF SAN JOAQUIN, et al.,

     Defendants.             ORDER
_____/

        On October 19, 2010, defendant San Joaquin County Sheriff's Office ("Sheriff's Office") filed a motion to dismiss plaintiff's "Amended Complaint & Claim" ("amended complaint") and noticed the motion for a hearing to take place on December 16, 2010.[1] (Dkt. No. 22.) Plaintiff, who is proceeding without counsel, was required to file and serve a written opposition or statement of non-opposition at least fourteen days prior to the noticed hearing date; thus, such an opposition or statement of non-opposition was due on or before December 2, 2010. See E. Dist. Local Rule 230(c).[2] The court's docket reveals that plaintiff failed to file a written opposition or statement of non-opposition with respect to the Sheriff's Office's motion.

---

[1] Although plaintiff has named both the County of San Joaquin and the Sheriff's Office as defendants in this action, only the Sheriff's Office has moved to dismiss the claims against it.

[2] Local Rule 230(c) also provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

1   Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to
2 comply with these Rules or with any order of the Court may be grounds for imposition by the
3 Court of any and all sanctions authorized by statute or Rule or within the inherent power of the
4 Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is
> bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
> and all other applicable law.  All obligations placed on "counsel" by these
> Rules apply to individuals appearing in propria persona.  Failure to comply
> therewith may be ground for dismissal.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute her case, fails to comply with the court's orders, or fails to comply with the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

This is plaintiff's second failure to file an opposition to a defendant's motion to dismiss.  (See Dkt. Nos. 16, 20.)  The court showed a certain measure of leniency with respect to

plaintiff's initial failure to oppose a motion to dismiss because plaintiff is proceeding without counsel.  That leniency is waning, and any future failure by plaintiff to prosecute this case or comply with the Federal Rules of Civil Procedure, the court's Local Rules, or the court's orders shall result in a recommendation that this case be dismissed pursuant to Rule 41(b).

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on the County's motion to dismiss, which is presently set for December 16, 2010, is continued until January 20, 2011.

2. Plaintiff shall file a written opposition to the Sheriff's Office's motion to dismiss, or a statement of non-opposition thereto, on or before December 30, 2010.  *Plaintiff's failure to file a written opposition shall be deemed a statement of non-opposition to the pending motion, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).*

3. The Sheriff's Office may file a written reply to plaintiff's opposition, if any, on or before January 13, 2011.

IT IS SO ORDERED.

DATED: December 6, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE