UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SANDRA ANDRE-GOLLIHAR et al.,            No. 2:09-cv-03313-MCE-KJN

      Plaintiffs,

  v.                                     **ORDER**

ROBERT SEMILLO et al.,

      Defendants.

----oo0oo----

Plaintiffs Sandra Andre-Gollihar, Anthony Joseph Gollihar, Casey Joseph Gollihar, and Catherine Belle Gollihar (collectively, "Plaintiffs") seek redress from Defendants San Joaquin Officer Robert Semillo, San Joaqin County, the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR Parole Agents Marty Briseno and Jeffrey Carter (collectively, "Defendants"), for actions arising from the death of Plaintiffs' relative Casey Gollihar ("Decedent").

///
///
///

1

Plaintiffs filed a Second Amended Complaint ("SAC") in March 2011 (ECF No. 37). Defendants filed two separate Motions to Dismiss the SAC (ECF Nos. 47 and 48) for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).[1] On June 20, 2011, the Court requested additional information from Plaintiffs clarifying issues raised in the SAC. Specifically, the Court requested Plaintiffs elaborate on the concept of being placed "back on parole," and the other allegations in paragraph nine of the SAC (See ECF No. 53). In response, Plaintiffs filed a Third Amended Complaint ("TAC," ECF No. 54), which Defendants have now requested the Court Strike (ECF Nos. 55 and 56). The Court requested the parties appear for oral argument, and a hearing was held on August 11, 2011. For the following reasons, Defendants' Motions to Dismiss are granted, and Defendants' Motions to Strike are granted in part.

## BACKGROUND[2]

Plaintiffs are the surviving mother and three children of Decedent, who was on parole at the time of his death. At the time of Decedent's death, San Joaquin County and CDCR had a policy/custom/practice in place of wrongfully and illegally placing former parolees back on parole for fabricated reasons.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] The factual assertions in this section are based upon the allegations in Plaintiffs' TAC (ECF No. 54). Though Defendants filed Motions to Dismiss the SAC, the parties acknowledged at oral argument that the TAC was in fact the operative complaint at issue before the Court.

1  Decedent was placed back on parole for a fabricated reason as a
2  result of this policy or practice.
3      Plaintiffs further allege that in July 2007, Defendant Carter
4  (Decedent's assigned parole officer) told Decedent and Plaintiff
5  Sandra Gollihar (Decedent's mother) that Decedent's parole was over
6  as of August 1, 2007.  Defendant Carter further stated that it
7  would take up to three months for documentation confirming that
8  decedent was off parole to arrive in the mail.
9      In December 2007, Defendant Briseno called Plaintiff Sandra
10 Gollihar and stated that Decedent had not been reporting to
11 Defendant Carter and was "running from the law."  Plaintiff Sandra
12 Gollihar then informed Defendant Briseno that Decedent was off
13 parole, as she had been previously told.  Defendant Briseno later
14 spoke to Decedent, and told him that she was placing him "back on
15 parole."  Defendant Briseno also informed Decedent that she was
16 issuing a warrant for his arrest and that she would inform the
17 authorities that Decedent was armed and dangerous.  Decedent later
18 met with Defendant Briseno, who repeated that she was going to
19 issue a warrant for his immediate arrest.  Plaintiff Sandra
20 Gollihar and Decedent each attempted to contact Defendant Carter,
21 but their calls were never returned.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Several weeks later, Defendant was shot by Defendant Semillo. Plaintiffs allege that placing Decedent back on parole was the "moving force" and direct and proximate cause of his death. Plaintiffs allege that the actions of Defendants Carter and Briseno, in placing Decedent back on parole, issuing a warrant for his arrest, and informing authorities that Decedent was armed and dangerous, constitute deliberate indifference to Decedent's life and to Plaintiffs' right to his company. Plaintiffs further allege that it was foreseeable that wrongfully placing Decedent on parole as an "armed and dangerous" criminal could result in physical harm to Decedent.

**STANDARD**

**A. Motions to Strike**

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The "function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other grounds Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994)) (internal citations and quotations omitted).

///

Matter that is impertinent "consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (internal citations and quotations omitted).

**B.  Motions to Dismiss**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the [...] claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).

A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."

///

1   Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R.
2   Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)
3   (stating that the pleading must contain something more than "a
4   statement of facts that merely creates a suspicion [of] a legally
5   cognizable right of action.")).
6        Furthermore, "Rule 8(a)(2)...requires a showing, rather than a
7   blanket assertion, of entitlement to relief."  Twombly, 550 U.S. at
8   556 n.3 (internal citations and quotations omitted).  Thus,
9   "[w]ithout some factual allegation in the complaint, it is hard to
10  see how a claimant could satisfy the requirements of providing not
11  only 'fair notice' of the nature of the claim, but also 'grounds'
12  on which the claim rests."  Id. (citing 5 Charles Alan Wright &
13  Arthur R. Miller, supra, at § 1202).  A pleading must contain "only
14  enough facts to state a claim to relief that is plausible on its
15  face."  Id. at 570.  If the "plaintiffs...have not nudged their
16  claims across the line from conceivable to plausible, their
17  complaint must be dismissed."  Id.  However, "[a] well-pleaded
18  complaint may proceed even if it strikes a savvy judge that actual
19  proof of those facts is improbable, and 'that a recovery is very
20  remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes,
21  416 U.S. 232, 236 (1974)).
22       A court granting a motion to dismiss a complaint must then
23  decide whether to grant leave to amend.  Leave to amend should be
24  "freely given" where there is no "undue delay, bad faith or
25  dilatory motive on the part of the movant,...undue prejudice to the
26  opposing party by virtue of allowance of the amendment, [or]
27  futility of the amendment...."
28  ///

1   Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
2   Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the
3   Foman factors as those to be considered when deciding whether to
4   grant leave to amend).  Not all of these factors merit equal
5   weight.  Rather, "the consideration of prejudice to the opposing
6   party...carries the greatest weight."  Id. (citing DCD Programs,
7   Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987).  Dismissal
8   without leave to amend is proper only if it is clear that "the
9   complaint could not be saved by any amendment."  Intri-Plex Techs.
10  v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing
11  In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon
12  Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)
13  ("Leave need not be granted where the amendment of the
14  complaint...constitutes an exercise in futility....").
15
16                              **ANALYSIS**
17
18       **A.   Motion to Strike**
19
20       It is unclear from the pleadings whether Plaintiffs intended
21  to assert a Section 1983 claim under the Fourteenth Amendment on
22  behalf of Decedent's estate, or whether Plaintiffs are bringing the
23  claims solely on their own behalf.  Defendants argue that to the
24  extent that Plaintiffs intend to assert a claim on behalf of
25  Decedent's estate, Plaintiffs are not successors in interest under
26  California law, and therefore lack standing to bring suit.
27  ///
28  ///

1       California Code of Civil Procedure section 377.32 states that
2  one who "seeks to commence an action or proceeding...as the
3  decedent's successor in interest under the article, shall execute
4  and file an affidavit or a declaration under penalty of perjury"
5  that confirms decedent's personal information, the facts of their
6  death, and other information confirming that the plaintiff is the
7  proper successor to decedent's interests.  Cal. Civ. Proc. Code
8  § 377.32 (West 2011).  A certified copy of the decedent's death
9  certificate must also be attached to the affidavit or declaration.
10 Id.
11      In the Ninth Circuit, standing "is a threshold issue that
12 precedes consideration of any claim on the merits."  Cotton v. City
13 of Eureka, 2010 WL 5154945 at *3 (N.D. Cal. 2010) (citing Moreland
14 v. City of Las Vegas, 159 F.3d 365, 369 (9th Cir. 1998)).  Any
15 party who seeks to "bring a survival action bears the burden of
16 demonstrating that a particular state's law authorizes a survival
17 action and that the plaintiff meets that state's requirements for
18 bringing [it]."  Moreland, 159 F.3d at 369.
19      This issue was discussed at length during oral argument.
20 Plaintiffs have not submitted any affidavits or declarations that
21 comply with California Civil Code section 377.32, and the docket is
22 similarly void of any documentation or proof of Plaintiffs' valid
23 status as Decedent's successor in interest.  Plaintiffs explained
24 at oral argument that they are not suing as successors in interest,
25 but simply as individuals for loss of familial relations and other
26 non-beneficiary claims.
27 ///
28 ///

Therefore, any mention in <u>any</u> complaint of Decedent as Plaintiff or party to the suit, or any mention of any cause of action filed as a successor in interest is stricken, and the Motions to Strike are granted as to this issue only. The remaining concerns addressed in Defendants' Motions to Strike are denied as moot for the reasons stated below.

**B.   Motion to Dismiss**

Plaintiffs' SAC and TAC both only allege one cause of action, namely that Defendants violated 42 U.S.C. § 1983 in depriving Plaintiffs of their rights under due process and the Equal Protection Clause of the Fourteenth Amendment. While the complaint is somewhat vague, Plaintiffs appear to only be asserting a due process claim, as they seek damages associated with "loss of income, services, protection, care, comfort, support, society, assistance…" etc. (TAC, ECF No. 54, at 6.)  Nonetheless, as Defendants acknowledge, the Court will analyze Plaintiffs' claims under due process and under <u>Monell</u>[3] liability.[4]

///
///
///
///
///

---

[3] <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658 (1978).

[4] Plaintiffs make no distinction in either Complaint between individual and entity liability, and so the court does not contemplate the distinction here.

9

### 1. Due Process – Right to Enjoy Familial Relations

The Due Process clause protects the right to familial relations between family members. Only official conduct that "shocks the conscience" is cognizable as a due process violation. County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (citing Rochin v. Cal., 342 U.S. 165, 172-73 (1952)). This is the standard of culpability for a due process right to familial association. Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008). The threshold question in such cases is "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Lewis, 523 U.S. at 847 n. 8. The type of conduct which is most likely to rise to the "conscience-shocking level" is "conduct intended to injure in some way unjustifiable by any government interest." Id. at 849.

Nevertheless, conduct which was not intentional, but rather was deliberately indifferent, may rise to the conscience-shocking level in some circumstances. Id. at 849-50 (citing City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983)). Deliberate indifference entails something more than negligence, but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. Farmer v. Brennan, 511 U.S. 825, 836 (1994). Deliberate indifference occurs when a person has disregarded a risk of harm of which he was aware. The test for deliberate indifference does not permit liability to be premised on obviousness or constructive notice. Id. at 842.

///

1    The test for whether deliberate indifference will suffice to
2 hold a governmental officer liable is "whether the circumstances
3 are such that 'actual deliberation is practical.'" Porter, 546 F.3d
4 at 1137 (quoting Moreland, 159 F.3d at 372).  Actual deliberation
5 is not practical when officers must make multiple split second
6 decisions, such as in a high speed chase.  Id.
7    Plaintiffs have failed to demonstrate enough facts sufficient
8 to withstand a Motion to Dismiss.  Little or no information is
9 provided that details any official conduct that "shocks the
10 conscious" or otherwise sustains a valid claim under Twombly.  With
11 the limited information presented, the Court cannot ascertain
12 enough facts with regard to the circumstances surrounding
13 Decedent's death and Plaintiffs' resulting injuries.  Therefore, to
14 the extent the SAC and TAC contemplate this portion of due process,
15 Defendants' Motion to Dismiss is granted.

17    **2.   Monell Liability**

19    A local government may be liable for violating a party's
20 constitutional rights resulting from a policy, ordinance, or
21 regulation pursuant to a governmental custom.  Villegas v. Gilroy
22 Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008).  The
23 policy must be the "moving force" behind the constitutional
24 violation.  Id.
25    Additionally, section 1983 requires that there is an actual
26 connection or link between the actions of the defendant and the
27 deprivation alleged to have been suffered by the plaintiff.  Monell
28 v. Dep't of Social Servs., 436 U.S. 658, 690 (1978).

1  A person deprives another "of a constitutional right, within the
2  meaning of section 1983, if he does an affirmative act,
3  participates in another's affirmative acts, or omits to perform an
4  act which he is legally required to do that causes the deprivation
5  of which [the plaintiff complains]."  Leer v. Murphy, 844 F.2d 628,
6  633 (9th Cir. 1988); see also Johnson v. Duffy, 588 F.2d 740, 743
7  (9th Cir. 1978).  The inquiry into causation must be individualized
8  and focus on the duties and responsibilities of each individual
9  defendant whose acts or omissions are alleged to have caused a
10 constitutional deprivation.  Leer, 844 F.2d at 633; see also Rizzo
11 v. Goode, 423 U.S. 362, 370-71, 375-77 (1976).
12     Against, the facts simply are not sufficient to allow the
13 court to engage in the individualized inquiry that is required to
14 find causation under the standards of Section 1983.  Construing the
15 facts in the light most favorable to the non-moving party,
16 Plaintiffs have failed to state a claim upon which relief can be
17 granted.  Defendants' Motions to Dismiss should therefore be
18 granted.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For the reasons stated above, Defendants' Motions to Dismiss the SAC are GRANTED (ECF Nos. 47 and 48) with a final leave to amend.  Plaintiffs may file a Fourth Amended Complaint, but no other leave to amend will be given.  Defendants' Motions to Strike (ECF Nos. 55 and 56) are GRANTED as to any reference in ANY complaint of the Decedent as a Plaintiff in the action, and are otherwise DENIED as moot.

IT IS SO ORDERED.

Dated: September 20, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE