UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA ANDRE-GOLLIHAR, et al., | No. 2:09-cv-3313-TLN-KJN |
| Plaintiffs, | |
| v. | ORDER and |
| COUNTY OF SAN JOAQUIN, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

On July 25, 2013, the court conducted a status conference in this matter to discuss future progress of this case and to address plaintiff's miscellaneous requests. (ECF No. 88.) After considering the parties' joint status report (ECF No. 87) and in light of the discussions at the status conference, the court now issues the following order and findings and recommendations.

BACKGROUND

Plaintiffs' operative fourth amended complaint alleges a single 42 U.S.C. § 1983 claim against defendants County of San Joaquin and deputy Robert Semillo (the "County Defendants"); defendants Jeffrey Carter and Marty Briseno (the "Parole Agent Defendants"); and the California Department of Corrections and Rehabilitation ("CDCR") in connection with the death of Casey Gollihar ("Decedent"). Plaintiff Sandra Andre-Gollihar is Decedent's surviving mother, and the remaining plaintiffs (Catherine Belle Gollihar, Anthony Joseph Gollihar, and Casey Joseph Gollihar) are Decedent's surviving minor children. Plaintiffs essentially allege that the Parole

1   Agent Defendants in December 2007 wrongfully placed Decedent back on parole for fabricated
2   reasons and informed police authorities that Decedent was armed and dangerous, which
3   ultimately led to Decedent being unlawfully shot and killed by defendant deputy Semillo on
4   January 21, 2008, in the course of executing an arrest warrant for Decedent.  Plaintiffs claim
5   damages for the wrongful death of Decedent in violation of their rights of Due Process and Equal
6   Protection under the Fourteenth Amendment to the United States Constitution, including damages
7   for the loss of Decedent's income, services, protection, care, comfort, support, society, assistance,
8   guidance, counsel, love, advice, and companionship.  (See, generally, ECF No. 63.)

9        The action has a protracted procedural history.  Plaintiff Sandra Andre-Gollihar initially
10  commenced the action on November 30, 2009, while proceeding without counsel.  (ECF No. 1.)
11  Although the court denied plaintiff's motions to appoint counsel, plaintiff subsequently retained
12  Mr. Francis John Shehadeh as counsel and was able to add her minor grandchildren as plaintiffs
13  in later amendments to the complaint.  Because all parties were then represented by counsel, the
14  case was referred to Judge England, the assigned district judge, for general pretrial matters.  (ECF
15  No. 42.)  Thereafter, on September 20, 2011, the district judge granted the defendants' motions to
16  dismiss, with a "final leave to amend.  Plaintiffs may file a Fourth Amended Complaint, but no
17  other leave to amend will be given."  (ECF No. 61.)  After several months, on January 21, 2012,
18  plaintiffs finally filed the operative fourth amended complaint.  (ECF No. 63.)

19       In early February 2012, the County Defendants and the Parole Agent Defendants filed
20  motions to dismiss plaintiffs' fourth amended complaint.  (ECF No. 65, 66.)  After plaintiffs'
21  counsel failed to file an opposition to the motions and failed to respond to the court's order to
22  show cause regarding such failure, the district judge dismissed the entire action with prejudice on
23  June 19, 2012.  (ECF No. 69.)  Thus, the court never reached the merits of the motions to dismiss.
24       Subsequently, on June 22, 2012, plaintiff Sandra Andre-Gollihar filed a motion to reopen
25  the case, stating that plaintiffs' counsel had failed to communicate with her regarding the case and
26  in essence requesting that plaintiffs not be punished for their counsel's misdeeds.  (ECF No. 71.)
27  Ultimately, on December 20, 2012, the district judge granted the motion to reopen the case and
28  ordered plaintiffs' counsel to show cause why sanctions should not be imposed against him for

his conduct.  (ECF No. 74.)  When plaintiffs' counsel failed to respond to that order, the district judge on January 9, 2013, imposed monetary sanctions, ordered plaintiffs' counsel to report himself to the California State Bar, and terminated plaintiffs' counsel's representation.  (ECF No. 75.)  Plaintiffs were given 60 days to obtain new counsel and the defendants were directed to refrain from renewing any motion to dismiss or other dispositive motion during that time.  (Id.)

In March 2013, plaintiff Sandra Andre-Gollihar filed several motions for extensions of time to obtain counsel, noting that although numerous law firms had been reviewing the case, the attorneys could not finally determine whether to take the case, because plaintiffs were unable to obtain certain reports, pictures, and other evidence related to the underlying incident from defendants.  (ECF Nos. 76, 77, 78.)  On April 3, 2013, the case was reassigned to a different district judge, Judge Troy L. Nunley.  (ECF No. 79.)  Thereafter, on April 30, 2013, Judge Nunley granted plaintiffs an additional 45 days to obtain counsel.  (ECF No. 80.)  After plaintiffs were unsuccessful in their efforts to obtain counsel, the case was referred to the assigned magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21) on June 7, 2013.  (ECF No. 84.)

Prior to and after the referral pursuant to E.D. Cal. L.R. 302(c)(21), plaintiff Sandra Andre-Gollihar again filed several requests or motions for extension of time seeking essentially the following relief: (a) a further extension of time to obtain counsel; (b) an order requiring defendants to turn over pertinent documents and evidence related to the underlying incident; and (c) an order requiring her former attorney to return all her files.  (ECF Nos. 81-82, 86.)

Finally, on June 11, 2013, the court set a status conference for July 25, 2013, to address further progress of the case and plaintiffs' miscellaneous requests.  (ECF No. 85.)  The court continued the stay on any routine motion practice pending the status conference.  (Id.)  The parties filed their joint status report on July 18, 2013, as ordered.  (ECF No. 87.)  Jurisdiction and venue are undisputed.  (Id.)

DISCUSSION

Plaintiffs' Requests for Further Extension of Time to Obtain Counsel

The court denies plaintiffs' miscellaneous requests for a further extension of time to obtain counsel.  As outlined above and as discussed at the conference, plaintiffs have already had

1  numerous extensions of time to obtain counsel, and plaintiffs have made no showing that they are
2  likely to successfully retain counsel in the immediate future.  While the court is sympathetic to
3  the fact that plaintiff Sandra Andre-Gollihar is faced with the daunting task of representing
4  herself in federal court and that her minor grandchildren cannot continue as plaintiffs in this
5  action without an attorney (as discussed below), the court has a duty to consider the interests of
6  all the litigants, including the interest of defendants in moving the case forward.

7  The joint status report also suggests that plaintiffs request the appointment of counsel by
8  the court.  Generally, there is no constitutional right to appointed counsel in a civil action.
9  Lassiter v. Dept. of Social Servs., 452 U.S. 18 (1981).  Pursuant to 28 U.S.C. § 1915(e)(1),
10 however, a court "may request an attorney to represent any person unable to afford counsel," but
11 will do so only on a showing of "exceptional circumstances."  Palmer v. Valdez, 560 F.3d 965,
12 970 (9th Cir. 2009); accord Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "When
13 determining whether 'exceptional circumstances' exist, a court must consider the likelihood of
14 success on the merits as well as the ability of the petitioner to articulate his claims pro se in light
15 of the complexity of the legal issues involved."  Palmer, 560 F.3d at 970.  "Neither of these
16 considerations is dispositive and instead must be viewed together."  Id.

17 Plaintiffs' prior motions for appointment of counsel have been denied (ECF Nos. 6, 13),
18 and plaintiffs have not shown sufficient grounds to warrant a departure from those earlier
19 decisions.  Because the pleadings have not yet been resolved, the court remains unable to make a
20 determination that plaintiffs are likely to succeed on the merits of their claims.  Plaintiffs' claims
21 based on the death of Decedent are not unusually complex, and plaintiff Sandra Andre-Gollihar
22 has thus far been able to articulate her claims and arguments pro se in court filings.  Furthermore,
23 although plaintiff's upcoming surgery may necessitate some adjustment to the scheduling of
24 motions, if necessary, it does not constitute exceptional circumstances.  Accordingly, any request
25 for the appointment of counsel is also denied.

26 <u>Plaintiffs' Request for Return of Files From Former Counsel</u>
27 In several of plaintiffs' requests, plaintiffs seek an order from the court directing
28 plaintiffs' former counsel, Mr. Shehadeh, to return plaintiffs' files related to this case.  However,

plaintiffs provide no authority for the proposition that the court can issue such an order, given that Mr. Shehadeh's representation had been terminated by the district judge and that he is not a party to this case. Any redress should be pursued with Mr. Shehadeh directly or with the California State Bar. As such, the court denies plaintiffs' request in that regard.

<u>Plaintiffs' Request for Documents or Evidence Related to the Underlying Incident</u>

In several of plaintiffs' requests, plaintiffs also move the court to order defendants to turn over certain documents or evidence related to the underlying incident. The court denies that request, because there is no indication that plaintiffs issued any formal discovery requests to defendants. As such, there is no formal discovery dispute before the court. Moreover, the time for formal discovery in this matter has not commenced. Because the pleadings are not settled, the parties have yet to conduct a Rule 26(f) conference, which would trigger the start of formal discovery and initial disclosure obligations under Rule 26(a)(1). As such, there is no basis for ordering defendants to turn over any documents or evidence at this juncture.

Status of CDCR

CDCR is named as a defendant in the operative fourth amended complaint, but has not been served with process. In any event, early on in the action, on May 12, 2010, CDCR was dismissed with prejudice on Eleventh Amendment immunity grounds and should not have been included in subsequent amendments. (ECF Nos. 6, 9.) Nevertheless, in the interests of clarity, the court recommends that any claim against CDCR be dismissed with prejudice.

Status of Minor Plaintiffs

Plaintiff Sandra Andre-Gollihar cannot pursue this lawsuit on behalf of the minor plaintiffs as their guardian ad litem without an attorney.[1] The Ninth Circuit Court of Appeals has

---

[1] It appears that plaintiff Sandra Andre-Gollihar was only officially appointed as the guardian ad litem for Catherine Belle Gollihar, and the docket does not reflect her appointment as guardian ad litem for the other two minor plaintiffs. (ECF No. 52.) At the status conference, plaintiff suggested that Catherine Belle Gollihar was presently the only other plaintiff in the case. Nevertheless, in the interests of clarity, and for the reasons discussed in this order and findings and recommendations, the court recommends that claims by any of the minor plaintiffs be dismissed without prejudice.

1  plainly held that "a parent or guardian cannot bring an action on behalf of a minor child without
2  retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); accord Lin
3  v. Ashcroft, 377 F.3d 1014, 1025 (9th Cir. 2004).  The rationale for this rule is a protective one,
4  and the Court of Appeals has stated that where minors "have claims that require adjudication,
5  they are entitled to trained legal assistance so their rights may be fully protected." Johns, 114
6  F.3d at 877.

7  Therefore, the court recommends that any claims by the minor plaintiffs (Catherine Belle
8  Gollihar, Anthony Joseph Gollihar, and Casey Joseph Gollihar) be dismissed without prejudice,
9  leaving plaintiff Sandra Andre-Gollihar as the only plaintiff proceeding with the action.

10  Further Amendment of the Complaint

11  According to the joint status report, plaintiff Sandra Andre-Gollihar requests further leave
12  to amend her complaint to "reflect her intentions (rather than those of her terminated counsel) and
13  to correct names and parties."  (ECF No. 87 at 3.)  At the status conference, plaintiff also
14  expressed an interest in returning to the original complaint filed prior to the involvement of
15  retained counsel.

16  Although leave to amend should generally be freely given "when justice so requires," see
17  Fed. R. Civ. P. 15(a)(2), the court concludes that further leave to amend here is not appropriate.
18  As outlined above, this action has been pending since 2009, plaintiffs have already amended their
19  complaint numerous times, and plaintiffs have previously been warned that no further leave to
20  amend would be granted.  While the court recognizes that plaintiff Sandra Andre-Gollihar is not
21  personally at fault for all the delays that ensued in this action, the time has come for the pleadings
22  to be settled.  To grant plaintiff further leave to amend and/or to allow plaintiff to return to an
23  original complaint (containing several defective claims) would be manifestly unfair and
24  prejudicial to defendants, who also deserve an opportunity to move this action forward to a
25  resolution on the merits.  Therefore, plaintiff's request for further leave to amend her complaint is
26  denied.[2]

---

[2] In the joint status report, defendants expressed a concern that the operative fourth amended
complaint is not signed by plaintiff Sandra Andre-Gollihar in accordance with Federal Rule of

<u>Motions</u>

In the joint status report and at the conference, defendants indicated a desire to re-notice their previously-filed motions to dismiss addressing plaintiff's fourth amended complaint, which were never resolved by the court on the merits. As noted at the status conference, defendants may renotice their motions to dismiss for a hearing before the undersigned after conferring with the undersigned's courtroom deputy and plaintiff. The hearing date should be noticed so as to allow plaintiff to file an opposition, or statement of non-opposition, to the motions thirty (30) days from the date the notices of motion are filed, and to allow defendants seven (7) days to file a reply(s) to plaintiff's opposition, if any.

After resolution of defendants' motions to dismiss, the court will set a further scheduling conference to set appropriate pre-trial deadlines, if necessary.

<u>CONCLUSION</u>

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiffs' miscellaneous requests for an extension of time to obtain counsel, for the appointment of counsel, for an order requiring the return of plaintiffs' files from former counsel, and for an order requiring defendants to turn over documents and evidence related to the underlying incident (ECF Nos. 81, 82, 86, 87) are DENIED.
2. Plaintiffs' request for further leave to amend the complaint is DENIED.
3. Defendants may re-notice their previously-filed motions to dismiss for a hearing before the undersigned in accordance with this order. Plaintiff shall file an opposition, or statement of non-opposition, to the motions within 30 days of the filing of the notices of motion. Defendants shall file any reply(s) within 7 days after the filing of plaintiff's opposition.
4. If plaintiff requires a brief extension of the briefing schedule in light of her upcoming surgery, she shall confer with defendants' counsel and seek their stipulation to an

---

Civil Procedure 11. However, even though Mr. Shehadeh, and not plaintiff herself, signed the Fourth Amended Complaint, defendants provide no authority that a plaintiff is required to re-sign a complaint when his or her counsel subsequently withdraws.

7

appropriate continuance of the briefing schedule and hearing date. Any stipulation or request for a continuance must be filed with the court, and must be supported by medical documentation. The court is strongly disinclined to grant any other requests for continuances.

5. *Plaintiff is cautioned that failure to file a timely opposition to defendants' motions to dismiss, or failure to timely seek an extension of the briefing schedule pertaining to those motions prior to the deadline for filing an opposition, will result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*

IT IS ALSO HEREBY RECOMMENDED that:

1. Any claims by the minor plaintiffs (Catherine Belle Gollihar, Anthony Joseph Gollihar, and Casey Joseph Gollihar) be DISMISSED WITHOUT PREJUDICE.
2. Any claim against the California Department of Corrections and Rehabilitation be DISMISSED WITH PREJUDICE.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: July 26, 2013

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE