UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDRA ANDRE-GOLLIHAR, et al.,

      Plaintiffs,

      v.

COUNTY OF SAN JOAQUIN, et al.,

      Defendants.

No.  2:09-cv-3313-TLN-KJN PS

ORDER

Presently pending before the court are two renewed motions to dismiss plaintiff Sandra Andre-Gollihar's Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), one filed by defendants Robert Semillo and the County of San Joaquin, and the other filed by defendants Martha Briseno and Jeffrey Carter.  (ECF Nos. 90, 91.)[1]  The motions were originally set for hearing on October 3, 2013, but due to plaintiff's medical condition and treatment, the court ultimately continued the hearing on these motions to November 21, 2013.  (ECF No. 94.)  On October 28, 2013, and November 5, 2013, plaintiff filed oppositions to the pending motions.  (ECF Nos. 99, 100.)  Thereafter, on November 14, 2013, defendants Semillo

_____

[1] This action presently proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1    and County of San Joaquin filed a reply brief.  (ECF No. 102.)  Defendants Briseno and Carter

2    did not file a reply brief.  At the hearing on the motions, plaintiff appeared and represented

3    herself; Jason Morrish appeared on behalf of defendants Semillo and County of San Joaquin; and

4    Christopher Becker appeared on behalf of defendants Briseno and Carter.  (ECF No. 103.)

5    After carefully considering the parties' briefing, the oral argument at the hearing, and the

6    applicable law, the court grants defendants' motions to dismiss, but with limited leave to amend

7    as set forth below.

8    BACKGROUND

9    Factual Allegations

10   The factual allegations for purposes of the motions to dismiss are taken from plaintiff's

11   operative Fourth Amended Complaint, unless otherwise noted.  (See Fourth Amended Complaint,

12   ECF No. 63 ["FAC"].)  Plaintiff's claims arise in connection with the death of her son, Casey

13   Gollihar ("Decedent").[2]  Plaintiff alleges that in 2007, defendant Jeffrey Carter, Decedent's

14   assigned parole agent with the California Department of Corrections and Rehabilitation

15   ("CDCR"), made monthly parole visits to plaintiff's home to drug test and interview Decedent,

16   who was staying with plaintiff after his release from prison.  (FAC ¶ 10.)  Around July of 2007,

17   defendant Carter allegedly told plaintiff and Decedent that Decedent's parole was over; that it

18   would take another 60-90 days for documentation reflecting that status to arrive; but that

19   Decedent would not have to report to defendant Carter, be drug tested, or interviewed after

20   August 1, 2007.  (Id.)

21   ////

22   ───────────────
[2] The fourth amended complaint also named as plaintiffs Catherine Belle Gollihar, Anthony

23   Joseph Gollihar, and Casey Joseph Gollihar, Decedent's surviving minor children and plaintiff's
     grandchildren.  However as discussed below, on October 2, 2013, the district judge dismissed

24   without prejudice the claims of the minor plaintiffs in light of binding Ninth Circuit case law that
     precludes plaintiff Sandra Andre-Gollihar from pursuing the claims of her minor children as their

25   guardian ad litem without an attorney.  (ECF Nos. 89, 96.)  Thus, plaintiff Sandra Andre-Gollihar
     is the only remaining plaintiff in the case.  Furthermore, on October 2, 2013, the district judge

26   also dismissed with prejudice all claims against the California Department of Corrections and
     Rehabilitation based on Eleventh Amendment immunity grounds.  (ECF Nos. 89, 96.)  As such,

27   the only remaining defendants at this juncture are defendants Semillo, County of San Joaquin,
     Briseno, and Carter.

28

However, in mid-December of 2007, plaintiff received a phone call from defendant Martha Briseno, a parole supervisor at CDCR, who allegedly stated that Decedent had not been reporting to defendant Carter as required and was "running from the law. (FAC ¶¶ 11-12.) During another phone call with plaintiff and Decedent later that day, defendant Briseno purportedly told them that even if Decedent was off parole, defendant Briseno was placing him back on parole. (FAC ¶ 13.) When plaintiff inquired as to the reason, defendant Briseno allegedly stated "because I want to" and "it doesn't matter what anyone says." (Id.) Defendant Briseno apparently further indicated that she would issue a warrant for Decedent's arrest and inform authorities that Decedent was armed and dangerous. (FAC ¶ 14.) Subsequently, Decedent personally met with defendant Briseno, who again confirmed that a warrant for Decedent's arrest would be issued. (Id.) According to plaintiff, defendant Briseno stated that defendant Carter, Decedent's assigned parole agent, was on vacation in Hawaii, and plaintiff and Decedent's phone calls to defendant Carter were not returned. (Id.)

On January 21, 2008, Decedent was killed by defendant Robert Semillo, a San Joaquin County deputy sheriff, who allegedly shot Decedent multiple times in the back in the course of executing a warrant for Decedent's arrest. (FAC ¶¶ 1-2, 5, 7, 15.) According to the fourth amended complaint, at the time of Decedent's death, Decedent was not armed with any weapon, was not a threat to the safety of others, had not committed any criminal offenses that day, and was helping his friend fix the clutch in his truck. (FAC ¶ 8.) As such, plaintiff claims that defendant Semillo's execution of the arrest warrant, improperly issued in the first place and ultimately resulting in Decedent's death, was wrongful, unreasonable, unjustifiable, and tortious due to defendant Semillo's use of excessive and unreasonable force. (FAC ¶¶ 7, 15.) Plaintiff alleges that defendant Semillo, in unspecified ways, subsequently lied about his conduct in statements to the County of San Joaquin and others. (FAC ¶ 7.)

The fourth amended complaint asserts damages claims under 42 U.S.C. § 1983 against defendants for violation of plaintiff's Due Process and Equal Protection rights under the Fourteenth Amendment to the United States Constitution, including damages for loss of Decedent's "income, services, protection, care, comfort, support, society, assistance, guidance,

1    counsel, love, advice and companionship." (FAC ¶ 18.)

2            Procedural History

3        The action has a protracted procedural history. Plaintiff Sandra Andre-Gollihar initially

4    commenced the action on November 30, 2009, while proceeding without counsel. (ECF No. 1.)

5    Although the court denied plaintiff's motions to appoint counsel, plaintiff subsequently retained

6    Mr. Francis John Shehadeh as counsel and was able to add her minor grandchildren as plaintiffs

7    in later amendments to the complaint. (ECF Nos. 6, 13, 37, 43.) Because all parties were then

8    represented by counsel, the case was referred to Judge England, the formerly assigned district

9    judge, for general pretrial matters. (ECF No. 42.)

10        Subsequently, on September 20, 2011, Judge England granted the defendants' motions to

11   dismiss the third amended complaint, with a "final leave to amend. Plaintiffs may file a Fourth

12   Amended Complaint, but no other leave to amend will be given." (ECF No. 61.) On January 11,

13   2012, after Mr. Shehadeh had not yet filed a fourth amended complaint, Judge England issued an

14   order to show cause why the case should not be dismissed, which finally prompted Mr. Shehadeh

15   to file the operative fourth amended complaint on January 21, 2012. (ECF Nos. 62, 63.)

16        In early February 2012, defendants filed motions to dismiss the fourth amended

17   complaint. (ECF No. 65, 66.) After Mr. Shehadeh failed to file an opposition to the motions and

18   failed to respond to the court's subsequent order to show cause regarding such failure, Judge

19   England dismissed the entire action with prejudice on June 19, 2012. (ECF No. 69.) Thus, the

20   court never reached the merits of the motions to dismiss.

21        Subsequently, on June 22, 2012, plaintiff Sandra Andre-Gollihar filed a motion to reopen

22   the case, stating that Mr. Shehadeh had failed to communicate with her regarding the case and in

23   essence requesting that plaintiffs not be punished for their counsel's misdeeds. (ECF No. 71.)

24   Ultimately, on December 20, 2012, Judge England granted the motion to reopen the case and

25   ordered Mr. Shehadeh to show cause why sanctions should not be imposed against him for his

26   conduct. (ECF No. 74.) When Mr. Shehadeh failed to respond to that order, Judge England on

27   January 9, 2013, imposed monetary sanctions against him, ordered Mr. Shehadeh to report

28   himself to the California State Bar, and terminated Mr. Shehadeh's representation. (ECF No. 75.)

1    Plaintiffs were given 60 days to obtain new counsel and the defendants were directed to refrain

2    from renewing any motion to dismiss or other dispositive motion during that time.  (Id.)

3         In March 2013, plaintiff Sandra Andre-Gollihar filed several motions for extensions of

4    time to obtain counsel, noting that although numerous law firms had been reviewing the case, the

5    attorneys could not finally determine whether to take the case, because plaintiffs were unable to

6    obtain certain reports, pictures, and other evidence related to the underlying incident from

7    defendants.  (ECF Nos. 76, 77, 78.)  On April 3, 2013, the case was reassigned to a different

8    district judge, Judge Nunley.  (ECF No. 79.)  Thereafter, on April 30, 2013, Judge Nunley granted

9    plaintiffs an additional 45 days to obtain counsel.  (ECF No. 80.)  After plaintiffs were

10   unsuccessful in their efforts to obtain counsel, the case was referred back to the undersigned as

11   the assigned magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21) on June 7, 2013.  (ECF No.

12   84.)

13        Prior to and after the referral pursuant to E.D. Cal. L.R. 302(c)(21), plaintiff Sandra

14   Andre-Gollihar again filed several requests seeking essentially the following relief: (a) a further

15   extension of time to obtain counsel; (b) an order requiring defendants to turn over pertinent

16   documents and evidence related to the underlying incident; and (c) an order requiring her former

17   attorney to return all her files.  (ECF Nos. 81-82, 86.)

18        On July 25, 2013, the undersigned conducted a status conference in the case.  (ECF No.

19   88.)  For the reasons stated in a written order issued after the status conference, the court denied

20   plaintiff's requests for a further extension of time to obtain counsel and/or for the appointment of

21   counsel; an order directing Mr. Shehadeh to return plaintiff's files related to the case; an order

22   directing defendants to turn over certain documents or evidence; and for a blanket leave to amend

23   her complaint.  (See ECF No. 89.)  The undersigned also recommended that the claims of the

24   minor plaintiffs be dismissed without prejudice and that the claims against CDCR be dismissed

25   with prejudice.  (Id.)  As noted above, these recommendations were ultimately adopted by Judge

26   Nunley on October 2, 2013.  (ECF No. 96.)  Finally, the undersigned also permitted defendants to

27   re-notice their previous motions to dismiss for a hearing.  (ECF No. 89.)

28   ////

1    The instant renewed motions to dismiss followed, which, as outlined above, ultimately

2    came on for hearing on November 21, 2013.  (ECF No. 103.)

3    DISCUSSION

4        Legal Standard

5        A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

6    challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

7    Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

8    of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

9    plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see

10   also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss,

11   a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

12   is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

13   Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

14   factual content that allows the court to draw the reasonable inference that the defendant is liable

15   for the misconduct alleged."  Id.

16       In considering a motion to dismiss for failure to state a claim, the court accepts all of the

17   facts alleged in the complaint as true and construes them in the light most favorable to the

18   plaintiff.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not,

19   however, required to accept as true conclusory allegations that are contradicted by documents

20   referred to in the complaint, and [the court does] not necessarily assume the truth of legal

21   conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at

22   1071.  The court must construe a pro se pleading liberally to determine if it states a claim and,

23   prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity

24   to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v.

25   Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police

26   Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed,

27   particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342

28   & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when

6

1    evaluating them under the standard announced in Iqbal).

2           In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

3    consider only allegations contained in the pleadings, exhibits attached to the complaint, and

4    matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506

5    F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not

6    consider a memorandum in opposition to a defendant's motion to dismiss to determine the

7    propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194,

8    1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding

9    whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.

10   2003).

11          Claims for Violation of Plaintiff's Equal Protection rights under the Fourteenth

12   Amendment

13          Although the fourth amended complaint alleges that plaintiff's Equal Protection rights

14   under the Fourteenth Amendment were violated (FAC ¶ 18), it does not plausibly state such a

15   claim.  In particular, there is no allegation that plaintiff herself was discriminated against or

16   treated differently based on her membership in a protected class.  See Thornton v. City of St.

17   Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) ("To state a § 1983 claim for violation of the Equal

18   Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to

19   discriminate against the plaintiff based upon membership in a protected class.").  To the extent

20   that plaintiff contends that Decedent was somehow discriminated against, she lacks standing to

21   bring such a claim on his behalf, because, as Judge England had previously determined, plaintiff

22   is not Decedent's successor in interest under California law.  (ECF No. 61.)  See United States v.

23   Hays, 515 U.S. 737, 743-44 (1995) (explaining that a person must have personally been denied

24   equal treatment by the challenged discriminatory conduct to have standing to bring an equal

25   protection claim).  Accordingly, plaintiff's Equal Protection claims are subject to dismissal.

26          Claims for Violation of Plaintiff's Due Process rights under the Fourteenth Amendment

27          Instead, the gist of plaintiff's lawsuit is a due process claim based upon the right to

28   familial association.  In his order dismissing the third amended complaint with final leave to

1   amend, Judge England carefully outlined the requirements for stating a due process claim under

2   the Fourteenth Amendment predicated on the right to familial association:

3   > The Due Process clause protects the right to familial relations
4   > between family members.  Only official conduct that "shocks the
    > conscience" is cognizable as a due process violation.  County of
5   > Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (citing Rochin v.
    > Cal., 342 U.S. 165, 172-73 (1952)).  This is the standard of
6   > culpability for a due process right to familial association.  Porter v.
    > Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008).  The threshold
7   > question in such cases is "whether the behavior of the governmental
    > officer is so egregious, so outrageous, that it may fairly be said to
8   > shock the contemporary conscience."  Lewis, 523 U.S. at 847 n.8.
    > The type of conduct which is most likely to rise to the "conscience-
9   > shocking level" is "conduct intended to injure in some way
    > unjustifiable by any government interest."  Id. at 849.

10  > Nevertheless, conduct which was not intentional, but rather was
    > deliberately indifferent, may rise to the conscience-shocking level
11  > in some circumstances.  Id. at 849-50 (citing City of Revere v.
    > Mass. Gen. Hosp., 463 U.S. 239 (1983)).  Deliberate indifference
12  > entails something more than negligence, but is satisfied by
    > something less than acts or omissions for the very purpose of
13  > causing harm or with knowledge that harm will result.  Famer v.
    > Brennan, 511 U.S. 825, 836 (1994).  Deliberate indifference occurs
14  > when a person has disregarded a risk of harm of which he was
    > aware.  The test for deliberate indifference does not permit liability
15  > to be premised on obviousness or constructive notice.  Id. at 842.

16  > The test for whether deliberate indifference will suffice to hold a
    > governmental officer liable is "whether the circumstances are such
17  > that 'actual deliberation is practical.'"  Porter, 546 F.3d at 1137
    > (quoting Moreland, 159 F.3d at 372).  Actual deliberation is not
18  > practical when officers must make multiple split second decisions,
    > such as in a high speed chase.  Id.

19

20  (ECF No. 61 at 10-11.)  Judge England found that plaintiff's third amended complaint provided

21  insufficient alleged facts concerning the circumstances of Decedent's death to show that the

22  official conduct of any of the defendants shocks the conscience and caused Decedent's death.  (Id.

23  at 11-12.)  Nevertheless, Judge England granted plaintiff leave to file a fourth amended complaint

24  in a final attempt to address these deficiencies.  (Id. at 13.)

25        The fourth amended complaint filed by Mr. Shehadeh before his termination from the case

26  is virtually identical to the third amended complaint and fails to provide any additional

27  substantive factual allegations addressing the deficiencies identified in Judge England's prior

28  order.  Plaintiff's claims against the various defendants are addressed separately below.

*Defendant Semillo*

The fourth amended complaint alleges that the "wrongful, unreasonable, unjustifiable and tortious execution of the arrest warrant" by defendant Semillo was the "direct and proximate cause of decedent's death, and was the moving force and a substantial factor in causing his death." (FAC ¶ 15.)  However, that allegation is entirely conclusory and fails to provide any specific facts from which the court can draw the reasonable inference that defendant Semillo's conduct shocks the conscience.  A court cannot "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity.  We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.")

Although plaintiff includes, as she did in the third amended complaint, a few vague conclusory statements to the effect that Decedent was not armed, was not a threat to the safety of others, had not committed any criminal offenses that day, and was helping his friend fix the clutch in his truck, the fourth amended complaint contain no factual allegations regarding events and circumstances leading up to the shooting, such as, for example, the time of day, the location, the circumstances under which Semillo approached Decedent, how Decedent was shot, etc.  (FAC ¶ 8.)  The fourth amended complaint also does not articulate how defendant Semillo somehow lied about the incident afterwards.  (FAC ¶ 7.)  As such, even if all of the fourth amended complaint's factual allegations are accepted as true, the court cannot determine whether actual deliberation by Semillo was practical during the incident, and consequently, whether the deliberate indifference or "intent-to-harm/purpose-to-harm" standard for conscience-shocking conduct should apply to this case.  In any event, the fourth amended complaint presently contains insufficient factual allegations to show either intent to harm or deliberate indifference on the part of Semillo.

Accordingly, plaintiff's claim against defendant Semillo is subject to dismissal.

////

1                    *Defendant County of San Joaquin*

2         The fourth amended complaint asserts a <u>Monell</u>-type claim against defendant County of

3 San Joaquin premised on the conduct of defendant Semillo.

4         Because there is no respondeat superior liability under § 1983, counties and municipalities

5 may be sued under § 1983 only upon a showing that an official policy or custom caused the

6 constitutional tort. <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658, 691-94

7 (1978). Stated differently, "[i]t is only when the execution of the government's policy or

8 custom...inflicts the injury that the municipality may be held liable under § 1983." <u>Canton v.</u>

9 <u>Harris</u>, 489 U.S. 378, 385 (1989). "[L]ocal governments, like any other § 1983 'person,'... may

10 be sued for constitutional deprivations visited pursuant to governmental 'custom' even though

11 such a custom has not received formal approval through the body's official decisionmaking

12 channels." <u>Monell</u>, 436 U.S. at 690-91. For example, a local governmental entity may "be liable

13 if it had a policy or custom of failing to train its employees and that failure to train caused the

14 constitutional violation. In particular . . . the inadequate training of police officers could be

15 characterized as the cause of the constitutional tort if – and only if – the failure to train amounted

16 to 'deliberate indifference' to the rights of persons with whom the police come into contact."

17 <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 123-24 (1992).

18         Furthermore, as one federal district court in California explained:

19             In order to withstand a motion to dismiss for failure to state a claim,

20 a *Monell* claim must consist of more than mere "formulaic recitations of the existence of unlawful policies, customs, or

21 habits." *Warner v. Cnty of San Diego*, 2011 U.S. Dist. LEXIS 14312, at \*10, 2011 WL 662993 (S.D. Cal., Feb. 14, 2011). Prior

22 to the Supreme Court's holdings in *Twombly* and *Iqbal*, the Ninth Circuit had held that "a claim of municipal liability under section

23 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the

24 individual officers' conduct conformed to official policy, custom, or practice.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624

25 (9th Cir. 1988) (quoting *Shah v. Cnty. of L.A.*, 797 F.2d 743, 747 (9th Cir. 1986)). In light of *Twombly* and *Iqbal*, however,

26 something more is required; mere conclusory allegations are insufficient. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557;

27 *see also Warner*, 2011 U.S. Dist. LEXIS 14312, at \*10, 2011 WL 662993.

28 <u>J.K.G. v. County of San Diego</u>, 2011 WL 5218253, at \*8 (S.D. Cal. Nov. 2, 2011).

In this case, plaintiff essentially alleges that defendant County of San Joaquin had a policy, custom, or practice to "harass, terrorize and engage in other illegal conduct towards current and former parolees," including "wrongfully, unreasonably, unjustifiably and/or tortuously issuing and executing arrest warrants," which "amounted to deliberate indifference to the due process and equal protection rights" of plaintiff and was the "moving force and direct and proximate cause" of Decedent's death.  (FAC ¶ 9.)[3]  Again, these allegations are entirely conclusory, and even assuming that plaintiff had stated a viable constitutional claim against Semillo based on his individual conduct, plaintiff provides no factual allegations from which to plausibly infer that the County of San Joaquin systematically condones or endorses the wrongful execution of arrest warrants or other wrongful conduct aimed at current and formal parolees.  It is well-established that proof of a single incident of unconstitutional activity is not sufficient in itself to impose liability under Monell.  City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985).

Therefore, the fourth amended complaint fails to state a claim against defendant County of San Joaquin.

### Defendants Martha Briseno and Jeffrey Carter

Plaintiff has not included any material additional factual allegations against defendants Briseno or Carter in the fourth amended complaint after dismissal of the third amended complaint.  As outlined above, plaintiff's due process claim against the parole agents, defendants Briseno and Carter, is largely based on allegations that they "wrongfully, unjustifiably, unreasonably and without cause" put Decedent on parole as an armed and dangerous person for fabricated reasons, and sought his arrest and physical harm with the assistance of defendant Semillo.  (FAC ¶¶ 9, 16.)

---

[3] Plaintiff also alleges that defendant County of San Joaquin and the CDCR had a policy, custom, and practice to intentionally and wrongfully place former parolees back on parole for fabricated reasons.  (FAC ¶ 9.)  However, plaintiff provides no factual allegations to suggest that either Semillo or the County of San Joaquin, as opposed to defendants Carter and Briseno, played any role in putting Decedent back on parole or in making parole determinations in general.  Furthermore, any claims against the CDCR have already been dismissed with prejudice based on Eleventh Amendment immunity grounds.  (ECF No. 96.)

1      The court agrees that plaintiff has not pled sufficient facts demonstrating that the parole

2    agents' conduct in placing Decedent back on parole, even wrongfully, rises to a conscience-

3    shocking level.  The factual allegations do not plausibly suggest that the parole agents intended to

4    cause, or was deliberately indifferent to causing, Decedent's death.  Simply put, while it is

5    foreseeable that the parole agents' allegedly wrongful conduct could have caused Decedent to

6    suffer an embarrassing and shameful arrest, invasive searches, and possibly even somewhat harsh

7    handling by law enforcement, it is not reasonable to infer that putting someone on parole and

8    issuing a warrant for his arrest, even with a designation as armed and dangerous, would

9    necessarily cause his death.  As such, the court finds that plaintiff has not adequately alleged facts

10   plausibly showing that defendants Briseno and Carter knew about, but consciously disregarded, a

11   risk to Decedent's life.  Although plaintiff alleges, in conclusory fashion, that the parole agents

12   sought Decedent's physical harm with the assistance of defendant Semillo, there are no alleged

13   facts suggesting that Carter and Briseno knew Semillo, that they had any communications with

14   Semillo, or that they had otherwise manifested an intent to physically harm Decedent.

15      Consequently, plaintiff's claims against defendants Briseno and Carter are likewise

16   subject to dismissal.

17          Leave to Amend

18      Federal Rule of Civil Procedure 15(a) provides that a court should generally freely give

19   leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Five factors are frequently

20   used to assess whether leave to amend should be granted: (1) bad faith; (2) undue delay; (3)

21   prejudice to the opposing party; (4) futility of the amendment; and (5) whether plaintiff has

22   previously amended her complaint.  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004);

23   Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).  "The district court's discretion

24   to deny leave to amend is particularly broad where plaintiff has previously amended the

25   complaint."  Allen, 911 F.2d at 373.  Furthermore, futility alone can justify denying further leave

26   to amend.  Johnson, 356 F.3d at 1077.

27      Plaintiff's oppositions to the motions to dismiss do not provide any additional proposed

28   facts that could potentially cure the above-mentioned deficiencies in plaintiff's claims against

1   defendants Briseno, Carter, and the County of San Joaquin.  As such, granting further leave to

2   amend as to these claims would be futile.

3   However, plaintiff's opposition briefs raise some concerns with respect to the claim

4   against defendant Semillo.  In particular, the opposition briefs contain several statements

5   concerning the incident that were not included in the fourth amended complaint, including a

6   representation that the coroner's report concerning Decedent's death purportedly states that

7   defendant Semillo "shot Casey Gollihar with his gun 4 times in the back, *after handcuffing him*

8   *and fired many more times.*"  (See, e.g. ECF No. 100 at 2) (emphasis added).  This allegation, if

9   accepted as true, would arguably shock the conscience and allow plaintiff to state a claim for

10  violation of her Due Process rights under the Fourteenth Amendment against defendant Semillo.

11  At the hearing, the court further questioned plaintiff regarding whether she had a good faith basis

12  to make such an allegation.  Plaintiff represented that the coroner's report specifically states that

13  Decedent was shot several times *after* he was already handcuffed, and that the coroner's report

14  was the only source from which she obtained that information.  When the court asked plaintiff

15  why she had not included those allegations in her previous complaints, plaintiff indicated that her

16  former attorney, some secretary at the superior court, and/or unspecified other persons told her

17  that she could not include such allegations for unspecified reasons.

18  In considering all the circumstances and relevant factors, the court finds that the interests

19  of justice would be served by granting plaintiff limited, circumscribed, and final leave to amend

20  her claim for violation of her Due Process rights under the Fourteenth Amendment against

21  defendant Semillo only.

22  The court is mindful of the fact that plaintiff has already had numerous opportunities to

23  amend her complaint and was previously cautioned that no further leave to amend would be

24  given.  Indeed, at the prior status conference, the undersigned denied plaintiff's blanket request to

25  amend her complaint and/or return to her original complaint filed prior to the involvement of her

26  former counsel Mr. Shehadeh, indicating that it was time for the pleadings to be settled and the

27  case to move forward.  (ECF No. 89 at 6.)  It is also true that, regardless of plaintiff's perhaps-

28  justified dissatisfaction with her former attorney, plaintiff cannot entirely disavow his pleading

13

1   efforts and must generally be bound by them.  Furthermore, the court does not question that the

2   delays in this case have resulted in some prejudice to defendants, and is sympathetic to counsel's

3   frustration with yet another amendment to the pleadings in this 2009 case.  To be sure, the court

4   would ordinarily be strongly disinclined to grant further leave to amend at this juncture, even in

5   the typical case involving a pro se litigant.

6        Nevertheless, in light of the unusual circumstances involving the conduct of plaintiff's

7   former attorney, and the fact that plaintiff has now articulated specific allegations that may cure

8   the pleading deficiencies with respect to her claim against defendant Semillo, the court finds that

9   plaintiff should be afforded one final opportunity to amend that claim.  For the reasons discussed

10  above, leave to amend would not necessarily be futile as to that claim.  Additionally, although

11  plaintiff's explanation for the delay in raising the additional proposed facts is somewhat vague

12  and unintelligible, it does not appear that plaintiff was acting in bad faith.

13       In an attempt to address potential prejudice to defendants, the leave to amend is

14  necessarily, as noted above, <u>limited, circumscribed, and final</u>.  In particular, plaintiff is granted

15  leave to file a fifth amended complaint containing a <u>single claim under 42 U.S.C. § 1983 for</u>

16  <u>violation of plaintiff's Due Process rights under the Fourteenth Amendment against defendant</u>

17  <u>Semillo only</u>.

18       Because the decision to grant leave to amend as to the claim against defendant Semillo is

19  based in substantial part on plaintiff's representations regarding the contents of the coroner's

20  report, the court requires plaintiff to attach a copy of the coroner's report to any fifth amended

21  complaint.  <u>Before filing a fifth amended complaint, plaintiff should carefully review the</u>

22  <u>coroner's report to verify whether it in fact states that Decedent was shot several times *after* he</u>

23  <u>was already handcuffed.</u>  Indeed, if the court subsequently determines that the coroner's report

24  does not so state, and thus that plaintiff does not have a good faith basis under Federal Rule of

25  Civil Procedure 11 to make such an allegation, the court may sua sponte recommend dismissal of

26  the fifth amended complaint and consider the imposition of appropriate sanctions against plaintiff.

27  In that regard, if plaintiff concludes that she was mistaken and that the coroner's report does not

28  corroborate plaintiff's representations in her opposition briefs and at the hearing, plaintiff should

strongly consider requesting dismissal of her claims against defendant Semillo as well.

If plaintiff elects to file a fifth amended complaint, <u>it shall conform to the following specific requirements</u>:

**(1) It shall be captioned "Fifth Amended Complaint."**

**(2) It shall contain a single claim under 42 U.S.C. § 1983 for violation of plaintiff Sandra Andre-Gollihar's Due Process rights under the Fourteenth Amendment against defendant Semillo <u>only.</u>**

**(3) It shall not name any other persons, such as plaintiff's grandchildren, as plaintiffs.**

**(4) Although it may make reference to other persons for background purposes, it shall not name or assert claims against any persons other than defendant Robert Semillo as defendants.**

**(5) It shall not include any additional claims (federal, state, or otherwise) other than a claim under 42 U.S.C. § 1983 for violation of plaintiff Sandra Andre-Gollihar's Due Process rights under the Fourteenth Amendment against defendant Semillo.**

**(6) It shall include all factual allegations (for which plaintiff has a good faith basis pursuant to Federal Rule of Civil Procedure 11) in support of plaintiff's claim against defendant Semillo.  *The court will not permit further amendments to allege additional facts or cure any deficiencies.***

**(7) It shall attach a <u>complete copy of the coroner's report concerning Decedent's death</u>. If plaintiff fails to attach the coroner's report, the court will recommend that plaintiff's claims against defendant Semillo be dismissed.**

*Plaintiff is hereby cautioned that if she files a fifth amended complaint that fails to comply with these specific requirements and/or includes additional plaintiffs, defendants, and/or claims, the court will issue findings and recommendations dismissing such claims and/or parties.*

Plaintiff is further informed that the court cannot refer to a prior complaint, brief, or other filing to make plaintiff's fifth amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  Thus, once the fifth amended complaint is filed, it supersedes the fourth amended complaint and any other prior

1   complaints, which no longer serve any function in the case.

2   CONCLUSION

3       For the reasons discussed above, IT IS HEREBY ORDERED that:

4     1.   Defendants' motions to dismiss (ECF No. 90, 91) are GRANTED.

5     2.   Plaintiff's fourth amended complaint (ECF No. 63) is DISMISSED, but with leave to

6         amend as outlined in this order.

7     **3.**   Plaintiff shall file any fifth amended complaint in compliance with the specific

8         requirements of this order ***no later than December 12, 2013***.  Alternatively, plaintiff

9         may file a request for dismissal of the action no later than December 12, 2013.  **No**

10        **further extensions of time will be granted.**

11    4.   If plaintiff elects to file a fifth amended complaint, the court will issue a separate order

12        setting a deadline by which defendant Semillo's response would be required.

13    ***5.***   ***Failure to file either a compliant fifth amended complaint or a request for dismissal***

14        ***of the action by the required deadline will result in a recommendation that the***

15        ***action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).***

16      IT IS SO ORDERED.

17  Dated:  November 22, 2013

18

19            KENDALL J. NEWMAN
          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28