UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA ANDRE-GOLLIHAR, et al., | No. 2:09-cv-3313-TLN-KJN PS |
| Plaintiffs, | |
| v. | ORDER AND |
| COUNTY OF SAN JOAQUIN, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

On November 22, 2013, the court issued a detailed order granting defendants' motions to dismiss plaintiff Sandra Andre-Gollihar's fourth amended complaint, but with limited, circumscribed, and final leave to amend upon very specific conditions. (ECF No. 104.)[1] Thereafter, on December 4, 2013, plaintiff filed a fifth amended complaint. (ECF No. 105.) After reviewing plaintiff's fifth amended complaint, and for the reasons set forth in these findings and recommendations, the court now recommends *sua sponte* that this entire action be dismissed with prejudice.

BACKGROUND

The background facts of this case were outlined in detail in the court's November 22,

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

2013 order, which is incorporated by reference, and need not be repeated here in full.[2]  In short, plaintiff's claims arise in connection with the death of her son, Casey Gollihar ("Decedent").[3]  Plaintiff contends that Decedent was wrongfully put back on parole around December of 2007 by defendants Martha Briseno and/or Jeffrey Carter, parole agents with the California Department of Corrections and Rehabilitation ("CDCR"),[4] and that defendant Briseno also improperly caused a warrant for Decedent's arrest to be issued, informing authorities that Decedent was armed and dangerous.  Subsequently, on January 21, 2008, Decedent was shot and killed by defendant Robert Semillo, a San Joaquin County deputy sheriff, in the course of executing a warrant for Decedent's arrest.  Plaintiff's previous fourth amended complaint asserted damages claims under 42 U.S.C. § 1983 against defendants Briseno, Carter, Semillo, and the County of San Joaquin for violation of plaintiff's Due Process and Equal Protection rights under the Fourteenth Amendment to the United States Constitution, including damages for loss of Decedent's income, services, protection, care, comfort, support, society, assistance, guidance, counsel, love, advice, and companionship.  (See ECF No. 63.)

As noted above, this action has a protracted procedural history.  Plaintiff initially commenced the action on November 30, 2009, while proceeding without counsel.  (ECF No. 1.)  Although the court denied plaintiff's motions to appoint counsel, plaintiff subsequently retained Mr. Francis John Shehadeh as counsel and was able to add her minor grandchildren as plaintiffs in later amendments to the complaint.  (ECF Nos. 6, 13, 37, 43.)  Because all parties were then represented by counsel, the case was referred to Judge England, the formerly assigned district

---

[2] See Order, ECF No. 104.

[3] Catherine Belle Gollihar, Anthony Joseph Gollihar, and Casey Joseph Gollihar, Decedent's surviving minor children and plaintiff's grandchildren, were also previously named plaintiffs in this action.  However, on October 2, 2013, the district judge dismissed without prejudice the claims of the minor plaintiffs in light of binding Ninth Circuit case law that precludes plaintiff Sandra Andre-Gollihar from pursuing the claims of her minor children as their guardian ad litem without an attorney.  (ECF Nos. 89, 96.)  Thus, plaintiff Sandra Andre-Gollihar is the only remaining plaintiff in the case.

[4] On October 2, 2013, the district judge dismissed with prejudice all claims against the California Department of Corrections and Rehabilitation based on Eleventh Amendment immunity grounds.  (ECF Nos. 89, 96.)

1  judge, for general pretrial matters.  (ECF No. 42.)

2  Subsequently, on September 20, 2011, Judge England granted the defendants' motions to
3  dismiss the third amended complaint, with a "final leave to amend.  Plaintiffs may file a Fourth
4  Amended Complaint, but no other leave to amend will be given."  (ECF No. 61.)  On January 11,
5  2012, after Mr. Shehadeh had not yet filed a fourth amended complaint, Judge England issued an
6  order to show cause why the case should not be dismissed, which finally prompted Mr. Shehadeh
7  to file the fourth amended complaint on January 21, 2012.  (ECF Nos. 62, 63.)

8  In early February 2012, defendants filed motions to dismiss the fourth amended
9  complaint.  (ECF No. 65, 66.)  After Mr. Shehadeh failed to file an opposition to the motions and
10 failed to respond to the court's subsequent order to show cause regarding such failure, Judge
11 England dismissed the entire action with prejudice on June 19, 2012.  (ECF No. 69.)  Thus, the
12 court never reached the merits of the motions to dismiss at that time.

13 Subsequently, on June 22, 2012, plaintiff Sandra Andre-Gollihar filed a motion to reopen
14 the case, stating that Mr. Shehadeh had failed to communicate with her regarding the case and in
15 essence requesting that the plaintiffs not be punished for their counsel's misdeeds.  (ECF No. 71.)
16 Ultimately, on December 20, 2012, Judge England granted the motion to reopen the case and
17 ordered Mr. Shehadeh to show cause why sanctions should not be imposed against him for his
18 conduct.  (ECF No. 74.)  When Mr. Shehadeh failed to respond to that order, Judge England on
19 January 9, 2013, imposed monetary sanctions against him, ordered Mr. Shehadeh to report
20 himself to the California State Bar, and terminated Mr. Shehadeh's representation.  (ECF No. 75.)
21 Plaintiffs were given 60 days to obtain new counsel and the defendants were directed to refrain
22 from renewing any motion to dismiss or other dispositive motion during that time.  (Id.)

23 In March 2013, plaintiff Sandra Andre-Gollihar filed several motions for extensions of
24 time to obtain counsel, noting that although numerous law firms had been reviewing the case, the
25 attorneys could not finally determine whether to take the case, because plaintiffs were unable to
26 obtain certain reports, pictures, and other evidence related to the underlying incident from
27 defendants.  (ECF Nos. 76, 77, 78.)  On April 3, 2013, the case was reassigned to a different
28 district judge, Judge Nunley.  (ECF No. 79.)  Thereafter, on April 30, 2013, Judge Nunley granted

3

1    plaintiffs an additional 45 days to obtain counsel.  (ECF No. 80.)  After plaintiffs were

2    unsuccessful in their efforts to obtain counsel, the case was referred back to the undersigned as

3    the assigned magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21) on June 7, 2013.  (ECF No.

4    84.)

5           Prior to and after the referral pursuant to E.D. Cal. L.R. 302(c)(21), plaintiff Sandra

6    Andre-Gollihar again filed several requests seeking essentially the following relief: (a) a further

7    extension of time to obtain counsel; (b) an order requiring defendants to turn over pertinent

8    documents and evidence related to the underlying incident; and (c) an order requiring her former

9    attorney to return all of her files.  (ECF Nos. 81-82, 86.)

10          On July 25, 2013, the undersigned conducted a status conference in the case.  (ECF No.

11   88.)  For the reasons stated in a written order issued after the status conference, the court denied

12   plaintiff's requests for a further extension of time to obtain counsel and/or for the appointment of

13   counsel; an order directing Mr. Shehadeh to return plaintiff's files related to the case; an order

14   directing defendants to turn over certain documents or evidence; and for a blanket leave to amend

15   her complaint.  (See ECF No. 89.)  The undersigned also recommended that the claims of the

16   minor plaintiffs be dismissed without prejudice and that the claims against CDCR be dismissed

17   with prejudice.  (Id.)  As noted above, these recommendations were ultimately adopted by Judge

18   Nunley on October 2, 2013.  (ECF No. 96.)  Finally, the undersigned also permitted defendants to

19   re-notice their previous motions to dismiss for a hearing.  (ECF No. 89.)

20           Defendants Briseno, Carter, Semillo, and County of San Joaquin then renewed their prior

21   motions to dismiss, which ultimately came on for hearing on November 21, 2013.  (ECF No.

22   103.)  On November 22, 2013, the court issued the above-mentioned order granting defendants'

23   motions to dismiss the fourth amended complaint, with limited leave to amend.  (ECF No. 104.)

24          For the reasons outlined in that order, incorporated herein by reference, the court found

25   that the fourth amended complaint, which was virtually identical to the third amended complaint

26   previously dismissed by Judge England, failed to state an Equal Protection or Due Process claim

27   under the Fourteenth Amendment against any of the defendants.  (ECF No. 104.)  The court noted

28   that, despite Judge England's prior order outlining the applicable law and identifying the

deficiencies of the third amended complaint, the substantially similar fourth amended complaint again failed to allege sufficient facts from which the court could draw the reasonable inference that any defendant's official conduct shocked the conscience as required by applicable law.[5]

After concluding that plaintiff's fourth amended complaint should be dismissed, the court carefully considered the issue of whether further leave to amend should be granted:

> Federal Rule of Civil Procedure 15(a) provides that a court should generally freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Five factors are frequently used to assess whether leave to amend should be granted: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether plaintiff has previously amended her complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Allen, 911 F.2d at 373. Furthermore, futility alone can justify denying further leave to amend. Johnson, 356 F.3d at 1077.
>
> Plaintiff's oppositions to the motions to dismiss do not provide any additional proposed facts that could potentially cure the above-mentioned deficiencies in plaintiff's claims against defendants Briseno, Carter, and the County of San Joaquin. As such, granting further leave to amend as to these claims would be futile.
>
> However, plaintiff's opposition briefs raise some concerns with respect to the claim against defendant Semillo. In particular, the opposition briefs contain several statements concerning the incident that were not included in the fourth amended complaint, including a representation that the coroner's report concerning Decedent's death purportedly states that defendant Semillo "shot Casey Gollihar with his gun 4 times in the back, *after handcuffing him and fired many more times.*" (See, e.g. ECF No. 100 at 2) (emphasis added). This allegation, if accepted as true, would arguably shock the conscience and allow plaintiff to state a claim for violation of her Due Process rights under the Fourteenth Amendment against defendant Semillo. At the hearing, the court further questioned plaintiff regarding whether she had a good faith basis to make such an allegation. Plaintiff represented that the coroner's report specifically states that Decedent was shot several times *after* he was already handcuffed, and that the coroner's report was the only source from which she obtained that information. When the court asked plaintiff why she had not included those allegations in her previous complaints, plaintiff indicated that her former attorney, some secretary at the superior court, and/or unspecified other persons told her that she could not include such allegations for unspecified reasons.

---

[5] For the court's specific analysis of plaintiff's claims against the various defendants, the parties are referred to the court's November 22, 2013 order. (ECF No. 104.)

In considering all the circumstances and relevant factors, the court finds that the interests of justice would be served by granting plaintiff <u>limited, circumscribed, and final</u> leave to amend her claim for violation of her Due Process rights under the Fourteenth Amendment against defendant Semillo <u>only</u>.

The court is mindful of the fact that plaintiff has already had numerous opportunities to amend her complaint and was previously cautioned that no further leave to amend would be given. Indeed, at the prior status conference, the undersigned denied plaintiff's blanket request to amend her complaint and/or return to her original complaint filed prior to the involvement of her former counsel Mr. Shehadeh, indicating that it was time for the pleadings to be settled and the case to move forward. (ECF No. 89 at 6.) It is also true that, regardless of plaintiff's perhaps-justified dissatisfaction with her former attorney, plaintiff cannot entirely disavow his pleading efforts and must generally be bound by them. Furthermore, the court does not question that the delays in this case have resulted in some prejudice to defendants, and is sympathetic to counsel's frustration with yet another amendment to the pleadings in this 2009 case. To be sure, the court would ordinarily be strongly disinclined to grant further leave to amend at this juncture, even in the typical case involving a pro se litigant.

Nevertheless, in light of the unusual circumstances involving the conduct of plaintiff's former attorney, and the fact that plaintiff has now articulated specific allegations that may cure the pleading deficiencies with respect to her claim against defendant Semillo, the court finds that plaintiff should be afforded one final opportunity to amend that claim. For the reasons discussed above, leave to amend would not necessarily be futile as to that claim. Additionally, although plaintiff's explanation for the delay in raising the additional proposed facts is somewhat vague and unintelligible, it does not appear that plaintiff was acting in bad faith.

In an attempt to address potential prejudice to defendants, the leave to amend is necessarily, as noted above, <u>limited, circumscribed, and final</u>. In particular, plaintiff is granted leave to file a fifth amended complaint containing a <u>single claim under 42 U.S.C. § 1983 for violation of plaintiff's Due Process rights under the Fourteenth Amendment against defendant Semillo only.</u>

Because the decision to grant leave to amend as to the claim against defendant Semillo is based in substantial part on plaintiff's representations regarding the contents of the coroner's report, the court requires plaintiff to attach a copy of the coroner's report to any fifth amended complaint. <u>Before filing a fifth amended complaint, plaintiff should carefully review the coroner's report to verify whether it in fact states that Decedent was shot several times *after* he was already handcuffed.</u> Indeed, if the court subsequently determines that the coroner's report does not so state, and thus that plaintiff does not have a good faith basis under Federal Rule of Civil Procedure 11 to make such an allegation, the court may sua sponte recommend dismissal of the fifth amended complaint and consider the imposition of appropriate sanctions against plaintiff.

In that regard, if plaintiff concludes that she was mistaken and that the coroner's report does not corroborate plaintiff's representations in her opposition briefs and at the hearing, plaintiff should strongly consider requesting dismissal of her claims against defendant Semillo as well.

If plaintiff elects to file a fifth amended complaint, <u>it shall conform to the following specific requirements</u>:

**(1) It shall be captioned "Fifth Amended Complaint."**

**(2) It shall contain a single claim under 42 U.S.C. § 1983 for violation of plaintiff Sandra Andre-Gollihar's Due Process rights under the Fourteenth Amendment against defendant Semillo <u>only.</u>**

**(3) It shall not name any other persons, such as plaintiff's grandchildren, as plaintiffs.**

**(4) Although it may make reference to other persons for background purposes, it shall not name or assert claims against any persons other than defendant Robert Semillo as defendants.**

**(5) It shall not include any additional claims (federal, state, or otherwise) other than a claim under 42 U.S.C. § 1983 for violation of plaintiff Sandra Andre-Gollihar's Due Process rights under the Fourteenth Amendment against defendant Semillo.**

**(6) It shall include all factual allegations (for which plaintiff has a good faith basis pursuant to Federal Rule of Civil Procedure 11) in support of plaintiff's claim against defendant Semillo.** *The court will not permit further amendments to allege additional facts or cure any deficiencies.*

**(7) It shall attach a <u>complete copy of the coroner's report concerning Decedent's death</u>. If plaintiff fails to attach the coroner's report, the court will recommend that plaintiff's claims against defendant Semillo be dismissed.**

*Plaintiff is hereby cautioned that if she files a fifth amended complaint that fails to comply with these specific requirements and/or includes additional plaintiffs, defendants, and/or claims, the court will issue findings and recommendations dismissing such claims and/or parties.*

Plaintiff is further informed that the court cannot refer to a prior complaint, brief, or other filing to make plaintiff's fifth amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Thus, once the fifth amended complaint is filed, it supersedes the fourth amended complaint and any other prior complaints, which no longer serve any function in the case.

7

(ECF No. 104 at 12-16.)  Plaintiff was ordered to file either a fifth amended complaint or a request for dismissal of the action no later than December 12, 2013.  (Id. at 16.)  Subsequently, on December 4, 2013, plaintiff filed the operative fifth amended complaint.  (ECF No. 105.)

DISCUSSION

As the court emphasized in its November 22, 2013 order, the court's grant of further leave to amend was based in substantial part on plaintiff's representations concerning the contents of the coroner's report.  To plaintiff's credit, plaintiff complied with the court's November 22, 2013 order by attaching a copy of the coroner's report to the fifth amended complaint.  In her fifth amended complaint, plaintiff again states: "I contend that Casey Gollihar was handcuffed when he was shot per Coroners Report."  (ECF No. 105 at 3.)  However, contrary to plaintiff's representations to the court in her opposition briefs to defendants' prior motions to dismiss, upon specific questioning at the hearing on those motions, and now in the fifth amended complaint, the coroner's report does *not* state that Decedent was shot several times after he was already handcuffed.

To be sure, the coroner's report states that Decedent "had four gunshot wounds on the upper torso; one on the inside of the left bicep, another on the outside of the left arm (near the elbow) [which, according to the pathologist's attached autopsy report were entry and exit wounds from the same bullet], another on the left middle back area, and another on the back area, right under the left upper arm"; as well as several abrasions and contusions.  (ECF No. 105 at 6, 13-15.)  The report also notes that Decedent "had a pair of handcuffs tied around his left wrist."  (Id. at 6.)  However, this statement falls far short of indicating that Decedent was shot by defendant Semillo after he was already handcuffed.  Defendant Semillo or other first responders may well have handcuffed Decedent after he was shot and/or during any first aid efforts as a standard security measure – and plaintiff has absolutely no evidence to contend otherwise.

Plaintiff insists that Decedent "was handcuffed when he was shot per Coroners Report. As the fact stated in the Coroner's Report that when his body arrived for Autopsy the handcuffs were still tied to his left wrist." [sic]  (ECF No. 105 at 3.)  Nevertheless, the mere observation that a pair of handcuffs were tied around Decedent's left wrist, in itself, does not allow for a

8

reasonable and plausible inference that defendant Semillo therefore shot Decedent while he was already handcuffed. Plaintiff admittedly was not present at the scene, and conceded at the hearing on defendants' prior motions that the coroner's report was her only source of information for contending that defendant Semillo shot Decedent several times after he was already handcuffed. For the reasons discussed above, that contention is not supported by the coroner's report, and plaintiff thus has no reasonable good faith basis to so allege.[6]

Although Decedent was plainly shot and killed in a police encounter, the court simply does not have sufficient factual allegations regarding the incident to draw a reasonable inference that defendant Semillo's official conduct shocks the conscience. Therefore, the court finds that the remaining claim against defendant Semillo should also be dismissed. Additionally, even though the court is sympathetic to plaintiff's significant loss, grief, and trying personal circumstances, the court further concludes that any further leave to amend is not appropriate. As discussed above, plaintiff has already had numerous opportunities to amend her complaint and allege sufficient facts to state a claim. Plaintiff herself drafted the original and first amended complaints; her counsel drafted the second, third, and fourth amended complaints; and plaintiff herself again drafted the operative fifth amended complaint. At this juncture, the futility of further amendment, the numerous delays in this 2009 case, and the prejudice to defendants in having to defend a stale case which has yet to proceed beyond the pleadings stage, all compel the conclusion that the entire case should be dismissed with prejudice.[7]

////

---

[6] Although the court cautioned plaintiff that sanctions may be imposed if the coroner's report did not corroborate her representations to the court, the court is persuaded that plaintiff did not act in bad faith. Plaintiff was clearly traumatized by the loss of her son, and plaintiff's desire to hold someone responsible may well have colored her reading of the coroner's report. As such, no sanctions will be imposed. However, regardless of plaintiff's subjective beliefs as to the import of the coroner's report, its contents simply do not allow the court to draw the inferences that plaintiff desires for purposes of her claims.

[7] The operative fifth amended complaint, in compliance with the court's November 22, 2013 order, only names defendant Semillo as a defendant. However, to the extent that plaintiff contends that any of her claims against the other defendants remain viable, the court recommends that those claims also be dismissed with prejudice for the reasons outlined in the court's November 22, 2013 order. (ECF No. 104.)

9

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The entire action be DISMISSED WITH PREJUDICE.

2. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that:

1. Any dates or deadlines in this action are VACATED.

2. Any discovery or motion practice in this action is stayed pending the district judge's resolution of the findings and recommendations. <u>Other than objections to the findings and recommendations and motions for emergency relief</u>, the court will not entertain any motions until the findings and recommendations have been resolved by the district judge.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  December 12, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE